IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. <br> d/b/a IOU FINANCIAL, INC., <br><br> Plaintiff, <br> vs. <br><br> PREMIER PAVING GP. INC, ; <br> PREMIER PAVING, LTD.; <br> SHARON L. HINDS;, <br> a/k/a SHARON JACOBS HINDS; <br> KURT LANE HINDS; <br><br> Defendants. | § § § § § § § § § § § § § §  CASE NO: 4:21-cv-00144 |

# **COMPLAINT**

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff IOU is incorporated in Delaware, its principal place of business located in Georgia, which is a citizen of both states per 28 U.S.C. § 1332.

2. Sharon L. Hinds [Debtor] and Kurt Hinds [KLH] are domiciled in and citizens of Texas per § 1332, owners and officers of Defendant Premier Paving GP [Business] incorporated in Texas, the location of its principal place of business. Business is the general partner of Premier Paving Ltd [PPL] whose limited partners/officers are Debtor and KLH, who are married.

3. Per §1332, the parties are diverse and the sum in controversy exceeds $76,000 such as IOU's damages, fees and interest. ***Jones v. Landry***, 387 F.2d 102 (5th Cir. 1967), ***Groves v. Rogers***, 547 F.2d 900 (5th Cir. 1977), ***Groves v. Rogers***, 547 F.2d 900 (5th Cir. 1977). IOU's damages and/or equitable relief are valued in excess of $76,000. ***Waller v. Prof.***, 296 F.2d 547 (5th Cir. 1961). The Court has jurisdiction over the property at issue. ***Wabash v. Adelbert***, 208 U.S. 54 (1907). Jurisdiction exists on all claims. ***Exxon v. Allapattah***, 545 U.S. 546 (2005).

1

4. Personal jurisdiction exists and is proper per Tex. Civ. Prac. & Rem. Code § 17.001 *et seq* and/or the Constitution as the Defendants reside in and/or conduct business in Texas and/or claim interests in the Texas real property at issue.

5. Under 28 U.S.C. § 1391 and § 124, venue is proper as Defendants reside in this District; a substantial part of the events or omissions giving rise to the claims occurred here; and/or the property at issue is located here, they consented to this venue and conduct business here. \

6. On 3/17/20, Debtor submitted a Loan Application to IOU's Georgia office website, for a commercial loan [Loan] representing the ability to satisfy the Loan, for all Defendants, who had ownership or interests in Business, who benefitted from, consented to and ratified the Loan.

7. On 3/27/18 [ Closing Date] Debtor executed a Promissory Note for the Business to IOU for a gross loan amount/principal of $277,500.00, at IOU's Georgia office website, in exchange for its Funds, with a loan guaranty fee, confirming all information, consenting to Georgia law, of which Defendants benefitted, consented and ratified: obtaining the Funds.

8. The Note is in default if: (i) any amount due pursuant to the Note is not received by IOU when due (ii) Business breaches any warranty, representation, covenant, term or condition of the Note; (iii) default under any guaranty agreement or instrument, now existing, after committed or made, provided to IOU to enhance the Loan's credit underwriting; any bankruptcy, insolvency or receivership proceeding is commenced by or against the Business and not dismissed within 30 days; (iv) Business ceases to exist; or (v) obtains another loan during the term of the Loan without IOU's prior written permission [Note ¶ 6].

9. The Note includes a Security Agreement, by which Debtor and Business, recipients of the Funds, were to encumber their property, proceeds and assets as collateral for the

2

Loan, upon which IOU relied in approving the Loan, of which all Defendants, consented, benefitted and ratified, which states:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections [Note ¶ 21].

10. On or about the Closing Date, Debtor electronically executed Guaranty(s) of the Note, at IOU's Georgia office website, guaranteeing the Note and Security Agreement and agreed to Georgia law, of which KLH knew, consented, benefitted and ratified as a co-guarantor.

11. Per the Guaranty(s), Debtor granted and/or intended to grant the same security interest in his property, proceeds and assets to the Business to guaranty the Note/Security Agreement, of which Defendants consented, benefitted and ratified, with the same security interest in their property, assets and proceeds.

12. The Guaranty(s) may be enforced if Business defaults on its obligations under the Note, which are not satisfied by them, are enforceable as to Debtor, her successors and assigns, such as KLH, to which Defendants consented, benefitted and ratified [Guaranty ¶¶ 1-3].

13. Per the Instruments, Business and Debtor(s) must provide all financial information for themselves at the request of IOU which they ratified [Guaranty ¶ 6].

14. On the Closing Date, Business and Debtor(s) executed a Debit Agreement to IOU, authorizing Loan payments by their account to IOU, certifying its purpose and their account information, of which they knew, consented, benefitted and ratified.

15. On the Closing Date, Debtor approved disbursement of the Funds, by IOU's Georgia office, of which all Defendants consented, benefitted and ratified.

16. On the Closing Date, Defendants received the Funds by wire from IOU's account into their account, of which they consented, benefitted and ratified by retaining the Funds.

17. IOU's Loan was intended an a secured interest in all property, assets and proceeds of the Fund's recipients, Defendants, under which IOU would be repaid the Funds and would not have otherwise advanced the Funds per the Guaranty(s), Note and Agreements [Instruments].

18. Defendants breached the Instruments just months after receipt of the Funds, which they never cured, defaulting on Loan payments, failing to provide accurate financial information for Business, incurring unauthorized debt for Business, which IOU accelerated per the default.

19. Debtor(s) and Business did not intend to or could not repay the Funds, which they did not disclose to IOU, who acted for each other as to the Funds and the Loan of which these Defendants knew, benefitted, consented and ratified.

20. Defendants are jointly and severally liable for the Loan/Instruments, by fulfillment of at least one of the below events, as they namely:

(a) Acted as agents for each other in obtaining the Loan and the Funds of which they knew, benefitted, consented and ratified.

(b) Operate as or are a partnership, for their same, related business; the Business in which they shared the benefits and liabilities including the Funds.

(c) Owned, operated/conducted Business, as their alter-ego, disregarding its entity, undercapitalizing it per the failure to repay the Loan and other debts, misusing its corporate form as a conduit/instrumentality for their personal affairs, fraudulently obtaining the Funds and evading the Loan, which share and co-mingle assets, finances, ownership, and offices, causing Business to be used to perpetrate a fraud upon IOU as they did here, for their personal benefit.

(d) Business lacks an existence separate from Defendants, per their unified interest or ownership, a mere subterfuge to avoid payment of IOU's debt, whose form should be justly disregarded and pierced, with full liability for damages/relief imposed upon them.

(e) Defendants assumed or are liable for the debts/liabilities at issue, the Loan, Instruments and claims, who have a debtor-creditor relationship with IOU.

21. IOU's Loan and Instruments encumbered and secured all property, assets and proceeds of Business and Debtor(s), including but not limited to the following ones:

(a) 240 Harper Court, Keller, Tarrant County, Texas 76248, per a deed vesting title in Debtor and KLH, recorded 2/22/12, Ins. No. D212130763, Harper's Glen Block A, Lot 13, TAD Parcel ID 2072-448 mentioned in the Instruments, valued in excess of $600,000.00

(b) Any UUC-1 by IOU on the Loan, to which all property, assets, proceeds and interests of the Defendants are subject.

(c) Any property, proceeds and assets secured by other loans of Defendants, which the Loan satisfied, into which IOU is subrogated, such as IOU's satisfaction of their Trust

5

Capital Loan for $70,700.00, which also satisfied their IOU Loan No. 59405, with nearly the same terms, of which Defendants consented, benefitted and ratified [Prior Loans].

    (d)    Any Funds used to benefit any Defendant, also subject to the Loan.

    (e)    Any property, assets and proceeds of any Defendant.

22.    Defendants did and/or conspired to make misrepresentations or material omissions to IOU, by Debtor, who negligently, knowingly misrepresented or failed to disclose to IOU the following, contrary to their representations to IOU in the Instruments and Application:

    (a)    The involvement of all Defendants in the Business and with the Loan, who sought the Funds for their personal use, contrary to the Loan;

    (b)    They fraudulently induced IOU to close the Loan, which they did not intend to or could not perform, defaulting just after the Closing, incurring additional debt, failing to disclose federal tax liabilities of over $364,482.89 owed by KLH since at least 3/31/17, per a notice of tax lien recorded in Tarrant County on 1/12/1, Inst. No D221009053, federal tax liabilities of over $173,016.64 owed by Debtor since at least 6/30/17, per a notice of tax lien recorded in Tarrant County on 1/12/21, Ins. No. D221009052 and federal tax liabilities of Business and/or of PPL of over $1,012,659.04 owed since at least 12/13/14, per a notice of tax lien recorded in Tarrant County on 12/23/19, Ins. No. D29294154 and for $6,852.20, recorded in Tarrant County on 12/23/19, Ins. No. D29294155 as well as other liabilities;

    (c)    Business is operated from the Property, secured under the Loan, which they are estopped from disputing.

23.    IOU justifiably and reasonably relied on the misrepresentations or omissions of Defendants as honest and accurate throughout the Loan process and in the Instruments, inducing

and causing IOU to close the Loan and wire the Funds to them, which was damaged as a result of their default on the Instruments.

24. IOU held and/or owned the defaulted Instruments and claims at issue and had standing to enforce them before the suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees as provided by law and their terms.

25. Defendants induced or encouraged IOU to confer the Funds on them per the defaulted Instruments, which they did not intend to satisfy or could not satisfy, of which they benefitted, consented and ratified.

26. IOU provided the Funds to Defendants and/or their agents, expecting repayment, which they appreciated, knew, benefitted, consented and ratified.

27. Defendants knew of, accepted and retained the Funds, should return or compensate, are otherwise unjustly enriched by them at IOU's expense, retaining the Funds, their property, assets and proceeds absent IOU's interest in them.

28. Defendants are indebted to IOU on the Instruments, with fees, costs and charges, of which their property, assets and proceeds are secured as collateral.

29. Defendants conspired to commit their misconduct per their corrupt agreements, are liable for each other's acts and omissions as partners, servants, agents, successors, assigns, who jointly benefitted and/or ratified them.

30. All conditions precedent to the suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment were unnecessary and/or futile.

## COUNT I:  DECLARATORY, EQUITABLE AND
## RELATED RELIEF AS TO ALL DEFENDANTS

31. ¶¶ 8-30 are incorporated.

32. Defendants are jointly liable for the Loan and Funds, whose property, assets and proceeds, or properties, assets and proceeds resulting from them, are subject to the Instruments, who wrongfully evaded the Loan.

33. IOU actually and justifiably relied upon the false representations or omissions of Defendants in providing the Loan and not having all Defendants execute the Instruments and subjecting their property, assets and proceeds to the Security Instrument.

34. The misrepresentations or omissions of material fact of Defendants were calculated by them to deceive IOU, a prudent lender, to wrongly obtain and use the Funds, which they would otherwise lack, from which they consented, benefitted and ratified as shown above.

35. IOU was proximately and/or actually injured by the misconduct of Defendants, which reasonably relied upon their acts and/or omissions in making the Loan, but not with all Defendants, their properties, assets and proceeds, which IOU would not have otherwise approved.

36. The Instruments are intended to bind all recipients and beneficiaries of the Funds, such as all Defendants, whose property, assets and proceeds are to secure the Loan, who knew of, consented to, benefitted from and ratified the Loan, such as receiving and retaining the Funds.

37. The Instruments are intended as and constitute a security interest in all property, proceeds and assets of Defendants, reasonably identified and described them as collateral, of which they, consented, benefitted and ratified, for which equitable relief will not prejudice them.

38. All Defendants were accidentally, mistakenly and/or wrongfully omitted from the Instruments, contrary to their intended purpose, which they consented, benefitted and ratified,

but now seek to evade, which unjustly impedes their enforcement, whose property, assets and proceeds will not be completely secured, for which IOU has no adequate legal remedy.

39. The misconduct of Defendants requires inclusion of them, their property, assets and proceeds from the Instruments, who induced IOU to make the Loan, to which they are subject and IOU is subrogated into the Prior Loans that IOU satisfied.

40. Per 28 U.S.C. § 2201 *et seq* and applicable law, IOU requests the Court declare, establish and reform its Instruments to bind Defendants, as jointly liable for the Instruments, a security interest in their property, assets and proceeds and those secured by the Prior Loans, into which IOU is subrogated; and grant all just relief such as its other remedies.

## COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS

41. ¶¶ 8-30 are incorporated.

42. Defendants knew of, consented to, benefitted from and ratified the Instruments, accepting the Funds, for which they are liable as co-guarantors.

43. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

44. IOU accelerated the principal balance of its defaulted Instruments of which Defendants were given notice and/or notice was not required and/or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

45. Per O.C.G.A. § 13-1-11, Defendants are notified IOU is entitled to enforce and invoke the fees provisions of the Instruments against them, who will be further indebted to IOU for IOU's fees/costs, unless all principal, interest and other charges due per the Instruments are paid in 10 days after service of this Complaint.

46. IOU demands judgment against Defendants for damages under the Instruments in the principal sum of at least $76,000.00, its fees, interest, and costs and for all just relief.

### COUNT III: BREACH OF FIDUCIARY DUTY
### AND RELATED RELIEF AS TO DEFENDANTS

47. ¶¶ 8-30 are incorporated.

48. Business is presumed insolvent per its default on the Loan/other debts.

49. Debtor and KLH rendered Business insolvent, incurring debt which it could not repay, such as borrowing the Loan and incurring other debt.

50. Debtor and KLH owed fiduciary duties to creditors of the Business, such as IOU, as officers of Business to conserve and manage its property, assets and proceeds in trust for the benefit of its creditors, such as IOU, at least after its insolvency, which they were not to convert or give away, precluding payment of the Loan, to benefit themselves at IOU's expense.

51. Debtor and KLH breached their fiduciary duties to IOU by misusing the property, assets and proceeds of Business after its insolvency to preferentially benefit their interests, dishonestly and in bad faith (a) paying themselves from Business for worthless services since then (b) precluding Business from satisfying its debts, such as the Loan, until today (c) lying to IOU as to the nature and extent of the debts of Business, to acquire the Funds, in violation of the Instruments (d) constituting fraudulent transfers per Tex. Bus. & Com Code § 24.005, to hinder, delay or defraud IOU in enforcing its Loan and (e) constructively fraudulent transfers per Tex. Bus. & Com Code § 24.006, leaving Business incapable of satisfying the debts, such as the Loan.

52. The misconduct of Debtor and KLH damaged IOU, which wrongfully precluded satisfaction of the Loan by the Business, whose misuse and conversion of its property, assets and proceeds impaired IOU's Security Agreement in them.

53. KLH and PPL knowingly participated Debtor's breach of fiduciary duty, and misconduct against IOU, as a creditor of Business (a) to whom Debtor had a fiduciary duty (b) all Defendants knew of Debtor's fiduciary duty (c) knowingly participated in Debtor's breach of the fiduciary relationship, as partners and insiders of Business, precluding satisfaction of the Loan, who are also liable for this misconduct.

54. The misconduct of Defendants was fraudulent, malicious and grossly negligent, requiring relief to punish and penalize them and deter future misconduct.

55. The misconduct of Defendants was fraudulent, malicious and grossly negligent, requiring relief to punish and penalize them and deter future misconduct.

56. Per Tex. Bus. & Com. Code § 24.001 *et seq*, Tex. Civ. Prac. & Rem. Code § 41.001 *et seq* and applicable law, IOU demands judgment against Defendants for their misconduct for their torts and misconduct for compensatory, consequential, special, nominal and punitive damages exceeding $76,000.00 and all just relief including its other remedies.

## COUNT IV:  UNJUST ENRICHMENT AND RELATED RELIEF AS TO KLH.

57. ¶ 8-30 are incorporated.

58. KLH and PPL induced and/or encouraged IOU to confer the Funds upon them through Debtor and Business, of which they knew, benefitted, consented and ratified.

59. IOU provided the Funds to KLH/PPL through Debtor and Business expecting their repayment which KLH and PPL knew, benefitted, consented and ratified.

60. KLH and PPL knew of and accepted the Funds which should be repaid, who are otherwise unjustly enriched by them at IOU's expense and who is indebted to IOU for the Funds.

61. IOU demands judgment against KLH/PPL for the unpaid Loan and Funds, costs and all just relief such as its other remedies.

## COUNT V:  EQUITABLE LIEN/EQUITABLE MORTGAGE
## AND RELATED RELIEF AS TO DEFENDANTS

62. ¶¶ 8-30 are incorporated.

63. The property, assets and proceeds of Debtor and Business were to secure the Loan per the Security Agreement, a charge upon their property, assets and proceeds, including any proceeds of their rent and/or sale and/or properties purchased with same and/or is implied upon them, per their relations/circumstances, of which Defendants consented, benefitted and ratified.

64. Defendants inequitably or fraudulently induced IOU to provide the Funds and enter into the Loan, without intending to satisfy the debt, satisfaction of which they have wrongfully precluded, in which they participated.

65. Defendants accepted and retained the Funds as secured debt, and wrongfully retain their property, assets and proceeds, absent IOU's intended secured interest in them for which IOU has no adequate remedy.

66. An equitable lien and/or mortgage to secure IOU's Loan was created and/or intended and implied on the property, assets and proceeds of Defendants, such as the Property, per the Security Instrument and/or is implied upon them, per their relations/circumstances, to prevent their unjust enrichment, in which the interests of Defendants are subject to and subordinate to those of IOU.

67. Per 28 U.S.C. § 2201, *et seq.* and applicable law, IOU requests the Court declare and impose an equitable lien/mortgage on all property, assets and proceeds of Defendants, including the Property and any proceeds of their rent/sale and/or properties purchased with same, in which the interests of the Defendants are subject to and subordinate to those of IOU, in a sum at least equal to the Loan, relating back to its execution/origination, awarding all just relief.

## COUNT VI:  CONSTRUCTIVE TRUST AND
## RELATED RELIEF AS TO ALL DEFENDANTS

68. ¶¶ 8-30 are incorporated.

69. The property, assets and proceeds of all recipients of the Funds, Defendants, were to secure the Loan, per the Instruments, of which they knew, benefitted, consented and ratified but wrongfully precluded their performance.

70. Defendants inequitably or fraudulently induced IOU to provide the Funds and enter into the Loan, without intending to satisfy the debt, which they wrongfully precluded, who participated with the breach of fiduciary duty of Debtor and Business.

71. Defendants knew of, accepted and retained the Funds as secured debt, who wrongfully retain their property, assets and proceeds, absent IOU's intended secured interest in them, such as the Properties, including any proceeds of its rent and/or sale and/or properties purchased with same, for which IOU has no adequate legal remedy.

72. A constructive trust to satisfy the Instruments is implied on all property, assets and proceeds of Defendants, in which they can enjoy no beneficial interest contrary to equity.

73. Per 28 U.S.C. § 2201, *et seq* and applicable law, IOU requests the Court declare and impose a constructive trust on all property, assets and proceeds of Defendants, including the Properties and any proceeds of their rent/sale and/or properties purchased with same, in which the interests of the Defendants are subject to and subordinate to those of IOU, in a sum at least equal to the Loan, relating back to its execution/origination, awarding all just relief.

### COUNT VII:  ATTORNEY'S FEES AND
### RELATED RELIEF AS TO DEFENDANTS

74.     ¶¶ 8-30 are incorporated.

75.     IOU is represented by counsel and presented the claims at issue to the Defendants, who represented themselves and/or were represented by another representative.

76.     Defendants did not resolve the just amounts owed on IOU's claims within 30 days after they were presented, which required IOU to bring suit, for it is entitled to its fees.

77.     IOU is entitled to its reasonable attorney's fees for bringing its claims, including its claims for declaratory relief, if not otherwise granted.

78.     Under Tex. Civ. Prac. & Rem. Code § 38.001 *et seq* and applicable law, IOU demands judgment as to Defendants for its fees if not otherwise granted.

### COUNT VIII: JUDICIAL FORECLOSURE AND
### RELATED RELIEF AS TO DEFENDANTS

79.     ¶¶ 8-30 are incorporated.

80.     Defendants breached IOU's Instruments, failed to satisfy them or comply with them, which are a secured interest in their property, assets and proceeds.

81.     The interests of Defendants their property, assets and proceeds, are subject to that of IOU under the Loan, which secured or were intended to secure them.

82.     Per 28 U.S.C. § 2201, § 2001 *et seq* and applicable law, IOU requests the Court declare, establish and judicially foreclose its secured interest in all property, assets and proceeds of Defendants, their fixtures, appurtenances, rents, contents and insurance for the sums due under the Instruments, interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed, quieted to all right, title, interest and equity of redemption, awarding post-sale possession to IOU or any purchaser at sale.

83. Defendants are not minors or adjudged incompetent, were not in the military for the last 30 days and are not subject to protection under 50 U.S.C. § 3901, *et seq.*

Respectfully submitted this 11th day of February 2021.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Georgia Bar No. 748341
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 894-5876
> Email: pwersant@gmail.com
> Attorney for Plaintiff IOU
> File No. 99725