**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS**
--------------------------------------------------

**IOU CENTRAL, INC.,**              Case 4:21-cv-00144-Y
**Plaintiff**

      **Versus**

**PREMIER PAVING GP, INC. et al.
Defendants**
---------------------------------------------------

<u>**DEFENDANTS' MEMO OF LAW IN SUPPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

Shimshon Wexler (pro ha vice application pending)
GA Bar No. 436163
S Wexler LLC
2244 Henderson Mill Rd, Ste 108
Atlanta, GA 30345
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com

1

**Introduction**

Two years ago, in the State Court of Georgia. Plaintiff, IOU Central, Inc. ("IOU" or "Plaintiff"), brought an action against Defendants Sharon Hinds ("Ms. Hinds") and Premier Paving GP, Inc. ("PPGP") based on the breach of a note. Those 3 parties are the only signatories to the Note. **See Exhibit A for a copy of that lawsuit and the Note.** The State Court of Georgia is where the parties agreed to litigate in a clear forum selection clause.

This lawsuit must be dismissed on the merits because of the forum selection clause. The parties also agreed that the note is to be governed by Georgia law. In the words of the note, "this Note shall be governed by and construed, applied and enforced in accordance with the laws of the State of Georgia without regard to principles of conflicts of law." IOU has filed a lawsuit arising from the same note in this Court including two additional defendants Kurt Hinds ("Mr. Hinds") and Premier Paving, Ltd. ("PP"). Under a clear Georgia statute, the latter of 2 lawsuits arising from the same subject matter is to be dismissed. Similarly, this lawsuit is awry of the well-established prohibition against claim-splitting and must be dismissed.

The declaratory or equitable relief that IOU seeks in Counts 1,5,6 and 8 is barred by the Anti-Injunction Act and in any event the Court should exercise its broad discretion not to hear those claim. Count 2 should be dismissed on the merits because it is a claim which IOU cannot seek double recovery on. Count 3, which sounds in tort, should be dismissed because it fails to identify anything other than a breach of contract and it is not plead properly under FRCP 9. Count 4 fails because unjust enrichment is not a valid claim when there is a contract.

The primary purpose of Rule 9(b) is to afford defendants fair notice of the plaintiff's claim and the factual ground upon which it is based. *Novak v. Kasaks*, 216 F.3d 300, 314 (2d

Cir.2000) Fraud embraces a wide variety of potential conduct that a defendant needs a substantial amount of particularized information about plaintiff's claim in order to enable him to understand it and effectively prepare his response.45 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1296 ("Pleading the Circumstances of Fraud or Mistake—History and Purpose"). This is particularly the case when IOU seeks to hold Mr. Hinds and PP responsible for a note that they didn't sign and there are no allegations that they enabled the issuance of it in any way. Other Courts have found IOU's pleadings woefully deficient. **See Appendix,** ***IOU Central, Inc. v. Bada International et al*, Case No. 1:20-cv-00161-SDG, Northern District of Georgia, Doc. 30, 2021 WL 851491 and *IOU Central, Inc. v. Vance et al*, Case No. 1:19-cv-05862-CAP, Northern District of Georgia, Doc. 32, 02/23/21, 2021 WL 851762**.

**1.The Note must be governed and construed in accordance with Georgia law**

Plaintiff and Defendants all agree that the note should be governed by Georgia law. Indeed, the note is clear in paragraph 23 that "[T]he note shall be governed by and construed, applied and enforced in accordance with the laws of the State of Georgia without regard to principles of conflicts of law". Plaintiff states in paragraph 7 of the Complaint that Defendants consented to Georgia law. Under Texas choice of law rules, parties to a contract may select the law that governs their agreement. *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1298 (5th Cir.1993).

**2.Under Georgia law this case is subject to dismissal as to Ms. Hinds and PPGP because there is already a pending action in state court**

Georgia law, OCGA § 9-2-5 (a) provides: "No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such

actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." Similarly, pursuant to OCGA § 9-2-44 (a): "A former recovery or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement."

The doctrines embodied in the two statutes "are closely related in effect and are to be considered and applied together." *Brock v. C & M Motors*, 337 Ga. App. 288, 290 (1), 787 S.E.2d 259 (2016). (Citation and punctuation omitted.) The purpose of these statutes "is to ensure judicial economy, to avoid inconsistent judgments, and to prevent harassment of the parties through multiple proceedings." *Id.* An attack based on simultaneous pleadings is appropriately asserted by motion to dismiss, rather than motion for summary judgment. *Liner v. North,* 184 Ga.App. 74, 360 S.E.2d 637 (1987). The Plaintiff has brought two identical lawsuits against Ms. Hinds and PPGP and this one must be dismissed.

**3. This Complaint must be dismissed under Rule 12(b)(6) because it is barred by a forum selection clause under the heading in Paragraph 24 which requires "any and all claims, lawsuits or disputes of any kind between the parties arising out of or relating to this note (a "Dispute") shall be instituted in and resolved by a state or federal court in Cobb County, Georgia."**

Paragraph 24 of the note requires "any and all claims, lawsuits or disputes of any kind between the parties arising out of or relating to this note (a "Dispute") shall be instituted in and resolved by a state or federal court in Cobb County, Georgia." Furthermore, the guaranty provides under paragraph 11 that "Any arbitration as provided for in this guaranty will take place

in Kennesaw, Georgia". The Court can take judicial notice that Kennesaw, Georgia is in Cobb County. The contract in paragraph 15 has a severability provision so even though there is no arbitration the remainder of the clause remains valid that the case must be brought in Kennesaw, Georgia or Cobb County.  As noted, there is already a pending case in the Georgia State Court system that is seeking relief based on the same common nucleus of operative fact as this one.

Transfer is not available when a forum selection clause specifies a non-federal forum. Here, because the first action is pending in state court, transfer is not an option. The appropriate way to enforce a forum-selection clause is not through a Rule 12(b)(3) motion. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 52 (2013). A party may move under 28 U.S.C. § 1404(a) to transfer a case to another federal court based on a valid forum selection clause. **See Appendix *Podesta v. Hanzel*, 684 Fed. App'x 213, 216 (3d Cir. 2017).** A Rule 12(b)(6) dismissal is the means of enforcing such a clause when, as here, the clause calls for the transfer to a state court. *Id*. A motion to dismiss based on a forum selection clause is classified a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6). *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014); *Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir.2009); see also *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387 (1st Cir.2001).

**4.This Complaint is a newer version of the Complaint filed in the State Court of Georgia for Cobb Count and must be dismissed on claim-splitting grounds.**

In an instructive case similar to this one, in dismissing IOU's claim, **See Appendix *IOU Central, Inc. v. Pezzano Contracting et al*., Case No. 1:19-cv-4882-TCB, Northern District of Georgia, 09/28/20, 2020 WL 8768632** found:

"The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)).

Unlike res judicata, the test for claim-splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit. *Id*. Claim-splitting occurs when a single nucleus of operative facts is split by advancing one part in an initial suit and another part in a later suit. **See Appendix *FDIC v. Nelson*, 19 F.3d 15, 1994 WL 93409, at \*2 n. 5 (5th Cir. Mar.15, 1994) (per curiam) (unpublished table decision).** Adopted by the Fifth Circuit in *Super Van Inc. v. City of San Antonio*, 92 F.3d 366 (5th Cir.1996), the rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action. In a claim splitting case, the second suit will be barred if the claim involves the same parties or their privies and arises out of the same transaction or series of transactions as the first claim. *Nelson*, 1994 WL 93409, at \*2 n. 5 (holding that Fifth Circuit applies the "same transaction" test to determine whether a single claim has been split). A main purpose behind the rule is to protect the defendant from being harassed by repetitive actions based on the same claim. *Super Van Inc.*, 92 F.3d at 371.

In dealing with simultaneous actions on related theories, courts at times express principles of 'claim splitting' that are similar to claim preclusion, but that do not require a prior judgment. **See Appendix *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 Fed. Appx. 256, 265 (4th Cir.2008)** (affirming dismissal based on claim-splitting even where there was no final judgment in earlier action); *Oxbow Energy, Inc. v. Koch Indus., Inc.*, 686 F.Supp. 278, 282

(D.Kan.1988) (holding that even absent a final judgment, a party cannot split claims); *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n. 1 (10th Cir.2002) (noting that motion to dismiss based on claim-splitting often cannot wait until final judgment in first-filed action, and, therefore, in claim-splitting context, second-filed suit may be dismissed before first-filed suit is complete.) A dismissal on claim-splitting ground has been viewed as a matter of docket management, reviewed for abuse of discretion**. See Appendix *Ameritox, Ltd. v. Aegis Sciences, Corp*., 2009 WL 305874, at *4 (N.D.Tex. Feb. 9, 2009)**; *Verde v. Stoneridge, In*c., 137 F. Supp. 3d 963, 968 (E.D. Tex. 2015).

**5.The Complaint fails to allege a claim for breach of fiduciary duty**

Establishing a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach. *Bailey v. Stonecrest Condominium Ass'n, Inc*., 304 Ga. App. 484, 696 S.E.2d 462 (2010). In paragraph 55, the Complaint alleges that the "misconduct of Defendants was fraudulent".

Rule 9(b) imposes a heightened pleading standard in cases where the plaintiff alleges fraud or mistake: particularity. Fed. R. Civ. P. 9(b). Rule 9(b) governs breach of fiduciary duty claims that are "predicated on fraud." **See Appendix *Brown v. Bilek*, 401 F. App'x 889, 893 (5th Cir. 2010)**; see also *In re Elec. Data Sys. Corp. ERISA Litig*., 305 F. Supp. 2d 658, 672 (E.D. Tex. 2004) ("[B]reach of fiduciary duty claim which includes a fraud claim implicates Rule 9(b).") To satisfy Rule 9(b), a pleading must identify "the who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir.2010) (internal quotation marks and citations omitted).

7

Here, as noted the claim is subject to the heightened pleadings required under Rule 9. But even under *Iqbal* and *Twombley* the Complaint does not even come close to providing enough facts to create a plausible claim the Defendants owed Plaintiff a fiduciary duty when at most Ms. Hinds and PPGP entered an arms-length contract with Plaintiff. The Complaint fails to provide how they breached their fiduciary duty owed to Plaintiff. Lastly, the Complaint fails to provide how Plaintiff was injured by this breach of a supposed fiduciary duty. It cannot be the case that anytime a complaint alleges that a borrower does not pay back a loan that it also automatically alleges a claim for breaches a fiduciary duty. But the Plaintiff would have all the Defendants in this case who did not even enter into a contract with Plaintiff to have breached a fiduciary duty based on nothing more than allegedly not repaying a loan.

Further, the breach of a contractual duty is insufficient to create a cause of action for tortious conduct. *Wynn v. Arias*, 242 Ga.App. 712, 716(3), 531 S.E.2d 126 (2000). To sue in tort for actions otherwise arising out of the breach of a contractual obligation the defendant must also breach an independent duty created by statute or common law. *Constr. Lender v. Sutter*, 228 Ga.App. 405, 409(2), 491 S.E.2d 853 (1997). Defendant has not shown any duty outside of contract that has been breached. In addition, IOU must have "an independent injury over and above the mere disappointment of plaintiff's hope to receive the contracted-for benefit." (Citation and punctuation omitted.) *Constr. Lender*, 228 Ga.App. at 409(2), 491 S.E.2d 853.

**6. All claims for declaratory relief are barred under the Anti-injunction Act and this Court should exercise its broad discretion not to hear them**

The Supreme Court in *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), dismissed a second-filed federal declaratory judgment action paralleling a previously-filed state action. Id. at 494. The *Brillhart* Court explained that, in view of the

discretionary nature of the Declaratory Judgment Act, a district court is "under no compulsion" to exercise jurisdiction concurrent to a pending state litigation. *Id.* at 494–95 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.").

28 USCA § 2283. Stay of State court proceedings provides

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

District courts lack authority to grant requests for declaratory relief that would violate the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits United States courts from "grant[ing] an injunction to stay proceedings in a State court" except in narrow circumstances. *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993). Section 2283 "is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts" and that its prohibitions are "[d]ue in no small part to the fundamental constitutional independence of the States." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127 (1988). Judge Wisdom writing for a distinguished panel of the Fifth Circuit found that "the hands-off doctrine expressed in Section 2283 is to be considered in the light of the function of Section 2283 as a pillar of federalism*." T. Smith & Son, Inc. v. Williams*, 275 F.2d 397, 407 (5th Cir.1960) (Tuttle, Brown, and Wisdom.). Section 2283 is not to be influenced by any "assumption ... that federal rights will not be adequately protected in the state courts," *Amalgamated Clothing Workers v. Richman Brothers*, 348 U.S. 511, 75 S.Ct. 452, 456, 99 L.Ed. 600 (1955)

The Fifth Circuit has decided that when a state lawsuit is pending issuing a declaratory judgment will most often be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti–Injunction Act. *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir.1988) (en banc), cert. denied, 490 U.S. 1035, 109 S.Ct. 1932, 104 L.Ed.2d 404 (1989). Thus, as a general rule, the district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, and 3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act. *Samuels v. Mackell*, 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971). The Court has found that the issuance of a declaratory judgment in such situations would be antithetical to the noble principles of federalism and comity. See *Jackson*, 862 F.2d at 505.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995). It is now well-settled in the Fifth Circuit that a district court has discretion over whether to decide or dismiss a declaratory judgment action. *Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir.1992), cert. dismissed, 507 U.S. 1026, 113 S.Ct. 1836, 123 L.Ed.2d 463 (1993); *Torch, Inc. v. LeBlanc*, 947 F.2d 193 (5th Cir.1991).The Declaratory Judgment Act confers on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286, 115 S.Ct. at 2142. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. *Wilton*, 515 U.S. at 289, 115 S.Ct. at 2143.

The Court cannot issue declaratory relief requested by Defendants because it will violate the Anti-injunction Act. Recently, the 11th Circuit determined the interpretation of a statute by relying on the Anti-injunction Act which it found would prohibit a federal court from being able to order a state court litigant to pay costs for a previous action. *Sargeant v. Hall*, 951 F.3d 1280, 1284 (11th Cir. 2020). Here IOU seeks to have this Court issue rulings which can easily put the state court case in disarray. In conclusion, the Anti-Injunction Act bars the declaratory, equitable and injunctive relief that Plaintiff seeks.

**7.The Unjust Enrichment Claim must be dismissed**

There is an express contract, therefore there can be no recovery based upon an unjust enrichment theory." *Han v. Han*, 295 Ga.App. 1, 4(3)(a), 670 S.E.2d 842 (2008) (citation and punctuation omitted).The evidence is not in dispute regarding the existence of an express contract therefore IOU's claim of unjust enrichment is not available, and it cannot elect to seek a remedy on an unjust enrichment theory. *Marvin Hewatt Enterprises, Inc. v. Butler Capital Corp.*, 328 Ga. App. 317, 761 S.E.2d 857 (2014); *Walker v. Oglethorpe Power Corporation*, 341 Ga. App. 647, 674, 802 S.E.2d 643, 667 (2017) (unjust enrichment claim dismissed where existence of contract was expressly alleged).

**<u>CONLUSION</u>**

The Complaint should be dismissed with prejudice.

Dated March 9, 2021

                                          Shimshon Wexler (pro ha vice application pending)
                                          GA Bar No. 436163
                                          S Wexler LLC
                                          2244 Henderson Mill Rd, Ste 108
                                          Atlanta, GA 30345
                                          (212) 760-2400
                                          (917) 512-6132 (FAX)
                                          swexleresq@gmail.com