IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IOU CENTRAL, INC. <br> d/b/a IOU FINANCIAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PREMIER PAVING, GP INC, et al <br><br> Defendants, | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO: 4:21-cv-00144-Y |

**PLAINTIFF'S MOTION TO STRIKE APPLICATION FOR PRO-HAC VICE, MOTION FOR LEAVE, TO EXTEND TIME AND TO DISMISS [DOC 4-9] FOR SANCTIONS AND DISQUALIFICATION OF DEFENSE COUNSEL**

IOU moves to strike the Motions [Doc 4-9] and for related relief, such as sanctions and disqualification of defense counsel, incorporating its Complaint [Doc 1: CT] as follows:

**STATEMENT OF FACTS**

1.     On 2/11/21, Plaintiff IOU, a citizen of Georgia and Delaware, filed suit, naming all four Defendants in the Complaint all of whom are citizens of Texas [Doc 1; CT] based in part upon a note, guaranty and property located in Texas [Doc 1, CT ¶¶ 1-30]. The note and guaranty are not signed by Kurt Hinds or Premier Paving LTD. Defense counsel admitted there is no question that all Defendants benefitted from the loan and takes his orders from Kurt Hinds.

2.     Plaintiff seeks a declaratory judgment and reformation of the Instruments as to all Defendants and their property [Count I CT: ¶¶ 31-40], damages on the Instruments [Count II CT ¶¶ 41-46], breach of fiduciary duty/fraudulent transfers [Count III CT: ¶¶ 47-56], unjust enrichment [Count IV CT: ¶¶ 57-61] equitable lien/mortgage [Count V CT: ¶¶ 62-67], constructive trust [Count VI CT: ¶¶ 68-73], fees [Count VII CT: ¶¶ 74-78], judicial foreclosure [Count VIII CT: ¶¶ 79-83].

**Mr. Wexler's unauthorized practice of law in this Court.**

3.      An attorney named Shimshon Wexler, licensed just in Georgia and New York, attempted to appear for Defendants and filed a motion for *pro-hac vice* admission *without* having local sponsoring counsel admitted to this Court [Doc 4-5] citing no basis to do so. [Doc 4-5]. Plaintiff's counsel cannot waive that basic requirement of *sponsoring* counsel, aside from extensions or appearance of local counsel *after pro-hac vice* admission.

4.      Mr. Wexler filed a Motion for Leave to Appear without local counsel [Doc 6], citing no basis to do so as that Motion is again *unsigned* by counsel admitted in this Court.

5.      Mr. Wexler filed a Motion for Extension of Time citing no basis to do so, as that Motion is again *unsigned* by counsel admitted in this Court [Doc 7].

**Mr. Wexler's frivolous arguments to the Court.**

6.      Mr. Wexler filed a Motion to Dismiss and Memorandum, <u>unsigned by counsel admitted to the Court</u> [Doc 8-9] with baseless arguments, frivolously arguing of an alleged related Georgia case; arguing this case is barred by a *Georgia law* which prohibits prosecuting two cases in *Georgia* courts at the same time, O.C.G.A. § 9-2-5 [Doc 9, p 3-4] which has no basis here, as "the general rule is that the pendency of a prior suit in a <u>District Court of the United States</u> is *not* a bar to a suit in a state court between the same parties and for the same cause of action." **<u>Huff v. Valentine</u>**, 457 S.E.2d 249, 250 (1995 Ga. App) Mr. Wexler also frivolously argues the 2 Defendants who are non-signatories to the note/guaranty at issue may only be sued in Georgia, per that forum clause [Doc 9, p. 3-4] who are clearly <u>*not*</u> bound by it.

7.      Mr. Wexler then argues claim splitting [Doc 9, p. 5-6] but the Georgia state court is a limited one, lacking equitable jurisdiction, which cannot issue declaratory judgments or judicially foreclose *Texas* property as sought here. **<u>McKesson Corp. v. Green</u>**, 683 S.E.2d 336,

341 (Ga. App. 2009) Clearly, Plaintiff *cannot* bring these claims in the Georgia case and the Court "looks not only at the claims brought, but at those which *could and should* have been brought." <u>In re Howe</u>, 913 F.2d 1138, 1143-44 (5th Cir. 1990), cited by **<u>Ganske v. WRS Group, Inc</u>**., LEXIS 2991, *15-16, WL 1147357 (5th Cir. 2007) Mr. Wexler misrepresented those issues here among others, which Plaintiff reserves the right to address in a separate response.

### <u>Mr. Wexler's misrepresentations as to the consent of Plaintiff's counsel.</u>

8. Plaintiff opposes all defense Motions as Mr. Wexler failed to obtain local counsel to sponsor him and Plaintiff's counsel withdrew his consent to any motions filed before 3/10/21, by his below email dated **3/2/21**. Plaintiff sought to dismiss the limited Georgia state case on the Note and Guaranty at issue, against those two signatory Defendants Premier Paving GP and Sharon Hinds without prejudice, as discussed by the parties, <u>which Mr. Wexler frivolously delayed for years</u>. The emails appear below:

> **From:** Paul Wersant <pwersant@ioucentral.com>
> **Sent:** Tuesday, March 2, 2021 1:24 PM
> **To:** Shimshon Wexler <swexleresq@gmail.com>
> **Cc:** Paul Wersant <pwersant@gmail.com>; bpierce@ioufinancial.com; Brittney Pierce <bpierce@ioucentral.com>
> **Subject:** Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Request for extension to answer the complaint
>
> **If your clients do not agree to dismissal of the Georgia case without prejudice then both cases can continue- and I will revoke my consent to the extensions and waivers not opposed thus far in the Texas Case.**
>
> ---
>
> **From:** Paul Wersant <pwersant@ioucentral.com>
> **Sent:** Tuesday, March 2, 2021 1:17:27 PM
> **To:** Shimshon Wexler <swexleresq@gmail.com>
> **Cc:** Paul Wersant <pwersant@gmail.com>; bpierce@ioufinancial.com <bpierce@ioufinancial.com>; Brittney Pierce <bpierce@ioucentral.com>
> **Subject:** Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Request for extension to answer the complaint
>
> If the Georgia case is dismissed with prejudice then we would be unable to continue the Texas case or enforce the loan.

> We will only agree to a dismissal of the Georgia case without prejudice as I proposed before. Take it or leave it.
> **From:** Shimshon Wexler <swexleresq@gmail.com>
> **Sent:** Tuesday, March 2, 2021 1:13:47 PM
> **To:** Paul Wersant <pwersant@ioucentral.com>
> **Cc:** Paul Wersant <pwersant@gmail.com>; bpierce@ioufinancial.com <bpierce@ioufinancial.com>; Brittney Pierce <bpierce@ioucentral.com>
> **Subject:** Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Request for extension to answer the complaint
>
> My clients want the Georgia action to be dismissed with prejudice. The document that I had previously sent over had the dismissal with prejudice. I note that you have the case being dismissed without prejudice.
>
> Shimshon

### Mr. Wexler's Prior Misconduct in the Second and Eleventh Circuits

9. Furthermore, Mr. Wexler has a long history of making baseless legal arguments. He was counsel for a TILA class action case, which he lost and was nearly sanctioned. ***Stein v. Titlemax***, 819 Fed. Appx. 809 (11th Cir. **July 7, 2020**).

10. Mr. Wexler was "counsel" for his wife in a TCPA class action case, in which certification was denied, for lack of adequate class representation per this unseemly conflict of interest, who "withdrew" from the case but still sought his fees. ***Wexler v. AT&T***, LEXIS 17208 and 20517 (E.D. NY 2019) ***Wexler v. AT&T***, LEXIS 20517 (E.D. NY 2018). He sued opposing counsel for defamation in a blog article, lost and was nearly sanctioned. ***Wexler v. Dorsey***, 815 Fed. App. 618 (2nd Cir. **July 9, 2020**). The blog article was titled "**TCPA Class Certification Denial Exposes Major Spousal Scheme**," and stated:

> "There are plenty of things I'd like to do with my wife one day. Take a trip to Greece. Finally convince her to go camping with me (never going to happen). But filing a class action with her as class representative is definitely not one of them. That's exactly what one husband-and-wife duo tried to pull in the Eastern District of New York. Senior Judge Frederic Block made quick work of the scheme.
> In *Wexler v. AT&T Corp.*, No. 15-CV-0686 (FB) (PK), 2018 U.S. Dist. LEXIS 20157 (E.D.N.Y. Feb. 5, 2018), the Court granted AT&T's motion to strike class allegations based on the inadequacy of the class representative. The class

4

representative was Dr. Eve Wexler, who was the wife of class counsel **Shimshon Wexler**. *After AT&T alerted the Court to their relationship, Mr. Wexler quickly withdrew and was replaced by class counsel who had no relation to Plaintiff. However, Mr. Wexler made it clear that he still intended to pursue an award of fees for his work on the case prior to withdrawal*.

Plaintiff argued that Mr. Wexler's withdrawal "mooted" the issue. Not so, said Judge Block. There's no disputing Plaintiff would have an interest in a potential fee award to her husband, had he been appointed class counsel. "Courts have long found that a familial (or any other) relationship creates a conflict if it gives the class representative an interest in the fees class counsel might recover." And that conflict didn't just vanish after Mr. Wexler withdrew, especially because he was still planning to seek an award of fees for his work prior to withdrawal.

"The Court astutely observed that "[a]s class representative, Dr. Wexler should act to maximize [class] recovery and, by extension, minimize reductions to it. But her interest in the fee award supplies the opposite incentive." The Court emphasized that because the "very nature of a class creates conflicts of interest between the class, class counsel and the class representative," the requirements of Rule 23 must be "scrupulously enforced." And enforced they were. The Court held that because Plaintiff had an interest in a possible fee award to her husband, "she cannot adequately represent the interests of absent class members," and granted AT&T's motion to strike. Maybe the Wexlers should try salsa dancing instead."

11.    All defense motions should be stricken. Defendants and Mr. Wexler should be sanctioned and Mr. Wexler disqualified, as he engaged in the unauthorized practice of law.

## MEMORANDUM

The Court is requested to take notice of these matters per Fed. R. Evidence. 201.

**I.**   **Mr. Wexler violated the Local Rules who lacks authority to practice in Texas.**

Fed. R. Civ. P. 83 (a)(1) permits Local Rules. "Local Rules have the force of law. ***In re Auclair***, 961 F.2d. 65 (5th Cir. 1992) [enforcing local rules regarding written motion practice] "A valid local rule has the force of law. ***Weil v. Neary***, 278 U.S. 160, 169, 49 S. Ct. 144, 148, 73 L. Ed. 243 (1929); "Local Rules function as court orders to the parties before the Court." ***Jones v. Central Bank***, 161 F.3d 311, 313 (5th Cir. 1998). N.D Tex Civ. L.R. 83.9 states:

> **(a)** *Eligibility to Appear.* --An attorney who is licensed to practice law by the highest court of any state or the District of Columbia, but who is not admitted to practice before this court, may represent a party in proceedings in this court only by permission of the presiding judge.
>
> **(b)** *Application to Appear.* --Unless exempted by LR 83.11, an attorney who is not admitted to practice in this court, who desires to appear as counsel in a case, and who is eligible pursuant to subsection (a) of this rule to appear, <u>shall apply for admission *pro hac vice* on a court-approved form and pay the applicable fee to the clerk</u>.

Mr. Wexler did not obtain *pro-hac vice* admission before filing the Motions here and did not obtain a sponsor, per the Rules, precluding his Motions. "Where an unadmitted attorney was clearly representing a client, he or she was obligated to seek leave to appear *pro hac vice*." **<u>BMO Harris Bank N.A. v. Vanover</u>**, LEXIS 124229, *18, WL 3324269 (N.D. Tex. 2019) "The requirement of appearing *pro hac vice* ... ensures that the Court has a member of its bar, and under its general control, to be accountable in the event of abuse of process, disciplinary matters, and other infractions." *Id* (citing **<u>Sanders v. Russell</u>**, 401 F.2d 241, 245-47 (5th Cir. 1968)). Mr. Wexler has no authority to act in this case and cannot prosecute the Motions he filed.

**II.     <u>The Court may strike the Motions per Mr. Wexler's misconduct and disqualify him.</u>**

Accordingly, Mr. Wexler's unauthorized motions should be stricken. The Fifth Circuit affirmed the decision of a district court to strike a motion in part which "misrepresented [a party] made a settlement offer and was signed by an attorney not authorized to practice before the court." **<u>Hernandez v. Siemens Corp</u>**., 726 Fed. Appx. 267, 268 (5th Cir, 2018). The trial court struck the motion under Rule 11(a) because it was signed "by an attorney not authorized to practice law before this Court" which "found the motion "inappropriate, given counsel's apparent reliance on false statements and the unauthorized practice of law before this Court." **<u>Hernandez v. Siemens Corp</u>**., LEXIS 194465, *6-7, WL 5712100 (W.D. Tex. 2017) These standards apply here, requiring the same relief to the defense Motions filed by Mr. Wexler.

### A.     The Court may strike the unauthorized Motions and issue sanctions.

This Court has inherent authority to strike documents filed by a person not authorized to practice law in this Court such as Mr. Wexler  *Martin v. Revere Smelting & Ref. Corp*., LEXIS 6886, \*4, (N.D. Tex. 2004) [dismissed suit filed by non-attorney on behalf of a plaintiff, *citing  Jimison by Parker v. Mann*, 957 S.W.2d 860, 862-62 (Tex. App. -- Amarillo, 1997) [struck documents filed by non-attorney] This Court also sanctioned an attorney for lying the Court and engaging in the unauthorized practice of law under its inherent authority, in *Graham v. Dallas Indep. Sch. Dist*., LEXIS 13639 \* 16-17 (N.D. Tex. 2006) holding:

> "Federal courts have the inherent authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) (citations omitted). Toward that end, federal courts are empowered to sanction bad faith conduct occurring during the litigation. *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). It goes without saying that lying to the court constitutes bad faith. *See generally,* *Chambers***,** 501 U.S. at 42, 46, 50-51 [upholding court's use of its inherent authority to sanction bad faith conduct which included "misleading and lying to the court."]. **So also is the unauthorized practice of law sanctionable under the court's inherent authority**. *United States v. Johnson*, 327 F.3d 554, 560 (7th Cir. 2003) ("considering the serious threat the unauthorized practice of law poses both to the integrity of the legal profession and to the effective administration of justice, resort to the inherent powers…is an appropriate remedial measure."). Coextensive with the inherent authority to mete out sanctions is the requirement that these implied powers be exercised with restraint and discretion. *Chambers*, 501 U.S. at 44 (citing *Roadway Express v. Piper*, 447 U.S. 752, 764 (1980)). Inherent powers "may be exercised only if essential to preserve the authority of the court and the sanction must employ" the least possible power adequate to the purpose to be achieved. *Natural Gas Pipeline of Am. v. Energy Gathering Inc*., 86 F.3d 464, 467 (5th Cir. 1996) (citations omitted). In other words, the sanction must "be tailored to fit the particular wrong." *Topalian v. Ehrman*, 3 F.3d 931, 936 n. 5 (5th Cir. 1993) [extending analytical principles for determining Rule 11 sanctions "across-the-board" to all of court's sanction powers). Appropriate factors to consider in determining the amount of a sanction award include: (1) the precise conduct being punished; (2) the precise expenses caused by the violation; (3) the reasonableness of the fees imposed; and (4) the least severe sanction adequate to achieve the purpose of the rule relied upon to impose the sanction. *Id.* at 936. Under appropriate circumstances, the sanction may include, *inter alia*, the entire amount of attorney's fees incurred as a result of the bad faith conduct. *Chambers*, 501 U.S. at 55."

The Court continued in *Graham* as follows:

"The Court finds that the full amount of attorney's fees incurred through the date of the July 27, 2005 hearing to be least severe sanction appropriate under the circumstances for the reasons that follow. Reduced to its essence, the sanctionable conduct here is two-fold. First is Layer's engagement of non-lawyer McIntyre and his firm to initiate and sustain this case causing the defendants sizable expenditures of time and money. The defendants were required to file motions to dismiss, respond to McIntyre and/or Layer's ill-conceived filings and appear at three separate hearings before this Court. All this because Layer hired McIntyre's firm to engage in the **unauthorized practice** of law to prosecute claims which, to Layer's mind at least, were of dubious legal merit." *Graham* at * 17.

The Court continued in *Graham* as follows:

"*Finally, the Court examines whether the sanction award is the least severe that is adequate to the purpose underlying the court's inherent authority. It would be difficult to overstate the importance of deterring the unauthorized practice of law. "Any unauthorized practice of law impacting federal court proceedings necessarily raises the specter of interference with that court's function in a manner effectively indistinguishable from fraud or deceit.*" *Johnson*, 327 F. 3d at 561. The record here shows that Layer had serious misgivings about the merits of this case before its filing, yet he forged ahead with its prosecution out of a professed sense of fealty to his client. In the process, Layer employed non-attorneys to drive the case with little or no supervision or involvement on his part. And when taken to task for his shoddy performance, Layer attempted to play the role of an unwitting victim, instead blaming both his client and his friend and colleague, McIntyre, for going forward with this case, all the while making false representations to the Court. To leave even a glimmer of hope that such conduct will be tolerated by the Court threatens the precious perception of a fair adversary system as viewed through the eyes of clients, opposing counsel and the judiciary. *Shadowy figures preying on unsuspecting litigants must receive a loud and clear message when they are caught -- STOP or else. Anything less than the full fee award here would send a message that there is more egregious conduct than pursuing "frivolous" claims, abandoning one's client, and lying to a judicial tribunal -- there is not. For these reasons the Court awards the full amount of costs and fees expended by Defendants in this case up to and including the date of the July 27, 2005 evidentiary hearing*." *Id* at *20-21

The Court should strike the unauthorized Motions and any documents filed by Mr. Wexler and grant Plaintiff's attorney's fees for prosecuting this Motion against him and his clients, who knew of this unlawful conduct.

### B. Mr. Wexler should be disqualified as defense counsel.

The Court should also disqualify Mr. Wexler as counsel in this case per his misconduct. See **Mc. Lean Homes v. U.S. Home Corp**, LEXIS 1110 *9-10 (N.D. Tex. 1999), in which the Court used its inherent authority to disqualify a non-attorney from further participation in a civil suit, who attempted to obtain an assignment of the claims at issue, which constituted the unauthorized practice of law in Texas, holding:

> "For all of the reasons just stated, the Court finds that Harris' assignment of the causes of action by McLean is invalid and unenforceable because it is clearly a sham and a subterfuge for the purpose of enabling Harris to engage in the unauthorized practice of law. Alternatively, Harris is disqualified from further participation in this lawsuit because he lacks standing."

The Court may enjoin Mr. Wexler from further participation in this case where he is not a licensed attorney, as done in the case of **Lee v. Colorado City**, LEXIS 30982, *3-4 (N.D. Tex 2004) enjoining a non-attorney "from any further attempts to represent [parties] in this case" as "enjoined means [he] is commanded by the Court to cease and desist in his efforts to provide legal advice and representation to [the parties]" as "Failure to abide by this injunction may subject [him] to this Court's order for him to show cause why he should not be held in contempt of Court for violating the injunction." So the Court may also enjoin Mr. Wexler from reappearing in this case.

### CONCLUSION

Plaintiff requests all defense motions be stricken. Defendants and Mr. Wexler should be sanctioned and Mr. Wexler disqualified, who engaged in the unauthorized practice of law.

### CERTIFICATE OF CONFERENCE

Per L.R. 7.1, Plaintiff's counsel certifies he conferred with counsel for Defendants who opposes the relief sought this Motion.

## **CERTIFICATE OF SERVICE**

I certify a precise copy of this document was filed ECF on the below date, sending ECF notice to defense counsel of record for Defendants.

Respectfully submitted this 10th day of March 2021.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Georgia Bar No. 748341
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 894-5876
> Email: pwersant@gmail.com
> Attorney for Plaintiff IOU
> File No. 99725