**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**-------------------------------------------------**

**IOU CENTRAL, INC.,**                              **Case 4:21-cv-00144-Y**
**Plaintiff**

         **Versus**

**PREMIER PAVING GP, INC. et al.**
**Defendants**
**---------------------------------------------------**


**<u>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE</u>**


Shimshon Wexler (pro ha vice application pending)
GA Bar No. 436163
S Wexler LLC
2244 Henderson Mill Rd, Ste 108
Atlanta, GA 30345
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com

Plaintiff's motion to strike contains many misrepresentations that I feel that I need to respond to immediately.

First, on page 1, Plaintiff writes falsely "Defense counsel admitted there is no question that all Defendants benefitted from the loan and takes his orders from Kurt Hinds." This is simply not true. My client is Sharon Hinds and Premier Paving GP, Inc. in Georgia and that is who I have a signed agreement with. I do not "take my orders" from Kurt Hinds and I never "admitted" that all Defendants benefitted from the loan.

Second, Plaintiff's counsel resides in Georgia and has no office in Texas and is in violation of Local Rule 83.10 which states:

Local Counsel Required. Unless exempted by LR 83.11, <u>local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district.</u> "Local counsel" means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending. <u>Attorneys desiring to proceed without local counsel must obtain leave from the presiding judge.</u> If the request for leave is denied, written designation of local counsel must be filed within 14 days of the denial.

Therefore, it is odd that Plaintiff's counsel is accusing me of violating this Rule when Plaintiff's counsel is violating the rule himself. I have sought leave from the Court to proceed without local counsel in compliance with the Rule.

Third, I have attempted in good faith to obtain a ruling on my motion for *pro hac vice* and my motion to appear without local counsel. I filed the motions promptly after my client

contacted local lawyers but was unable to engage them. In addition, I called the Court last week asking when the Court would issue its decision on the motions.

Fourth, Plaintiff makes a misrepresentation by saying that I did not obtain consent for my motion to appear without local counsel. I asked for consent in a March 1, 2021 10:43am email and Mr. Wersant responded by email on March 1, 2021 that "I do not oppose your request." The pertinent portion of the email is below and **the full email chain is attached as Exhibit A**.


Sent: Monday, March 1, 2021 10:43 AM

Paul, …… in reviewing the local rules I noticed that there is a requirement that a party have local counsel in this case. I have copied and pasted the applicable rule below. Would you consent to allow me to proceed without local counsel? Please let me know as I need to inform the Court on your position.

Thank you

Shimshon Wexler

212-760-2400

83.10 - Requirement of Local Counsel.

a.    Local Counsel Required. Unless exempted by LR 83.11, local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district. "Local counsel" means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending. Attorneys desiring to proceed without local counsel must obtain leave from the presiding judge. If the

request for leave is denied, written designation of local counsel must be filed within 14 days of the denial.


Received Mar 1, 2021, 11:15 AM

Shimson,

I do not oppose your request.

Paul


That Mr. Wersant by Mar 2, 2021 1:24 PM email withdrew "consent to the extensions and waivers not opposed thus far in the Texas case", see page 3 of Plaintiff's motion to strike, does not negate his stated non-opposition to a request to allow me to appear without local counsel.

Fifth, I did obtain Defendants consent to file Defendants request a 2-week extension to respond to the complaint. I requested an extension in a March 2, 2021 8:57 AM email. Mr. Wersant informed me in a March 2, 2021 1:04 PM email that Defendants were served on 2/17. I requested in a March 2, 2021 1:09 PM email a response date of March 24, 2021 which I calculated to be 2 weeks after my response would be due without an extension. In a Mar 2, 2021 email at 1:10 PM, Mr. Wersant wrote "No objection". **The full email chain is attached as Exhibit B.**

That Mr. Wersant by Mar 2, 2021 1:24 PM email withdrew "consent to the extensions and waivers not opposed thus far in the Texas case", see page 3 of Plaintiff's motion to strike, does not negate his stated non-opposition to a request to a request for an extension to the Complaint.

Sixth, Mr. Wersant lists cases that I have been involved in where I was not successful. I never engaged in any misconduct and never engaged in unethical conduct. I have been a lawyer for more than 10 years and I have had my share of wins and losses like most lawyers.

Seventh, I reserve my rights regarding filing a comprehensive response to Plaintiff's attacks on the motion to dismiss. Rather than addressing Defendants' motion to dismiss in a motion to strike, Plaintiff should address the arguments in an opposition to the motion to dismiss.

Eighth, it is actually Plaintiff who acknowledges that this lawsuit is duplicative of the Georgia case on Page 3 of the motion to dismiss. Plaintiff provides a March 2, 2021 1:17:27 PM email where he acknowledges "If the Georgia case is dismissed with prejudice then we would be unable to continue the Texas case or enforce the loan." If Plaintiff's arguments are correct that it is not precluded from prosecuting this case because of the pending Georgia case because it has different claims then dismissing the Georgia case should have no effect on this case.

**Conclusion**

The motion to strike should be denied.

Dated: March 10, 2021

Respectfully Submitted,

Shimshon Wexler (pro ha vice application pending)
GA Bar No. 436163
S Wexler LLC
2244 Henderson Mill Rd, Ste 108
Atlanta, GA 30345
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com

# Exhibit A

Gmail - RE: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice

Case 4:21-cv-00144-Y   Document 11   Filed 03/10/21   Page 7 of 20   PageID 156

 Gmail                                    Shimshon Wexler <swexleresq@gmail.com>

---

# RE: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice

1 message

---

**pwersant@ioucentral.com** <pwersant@ioucentral.com>                    Mon, Mar 1, 2021 at 11:15 AM
To: Shimshon Wexler <swexleresq@gmail.com>, Paul Wersant <pwersant@gmail.com>
Cc: bpierce@ioufinancial.com, Brittney Pierce <bpierce@ioucentral.com>

Shimson,

I do not oppose your request.

Paul

---

**From:** Shimshon Wexler <swexleresq@gmail.com>
**Sent:** Monday, March 1, 2021 10:43 AM
**To:** Paul Wersant <pwersant@gmail.com>
**Cc:** bpierce@ioufinancial.com; Brittney Pierce <bpierce@ioucentral.com>; Paul Wersant <pwersant@ioucentral.com>
**Subject:** Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice

Paul,

I believe that we can accomplish dismissal by filing what I had attached but in any event, I am waiting for your draft motion and order.

Also, in reviewing the local rules I noticed that there is a requirement that a party have local counsel in this case. I have copied and pasted the applicable rule below. Would you consent to allow me to proceed without local counsel? Please let me know as I need to inform the Court on your position.

Thank you,

Shimshon Wexler

212-760-2400

Gmail - RE: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice

Case 4:21-cv-00144-Y    Document 11    Filed 03/10/21    Page 8 of 20    PageID 157

83.10 - Requirement of Local Counsel.

      a. **Local Counsel Required**. Unless exempted by LR 83.11, local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district. "Local counsel" means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending. Attorneys desiring to proceed without local counsel must obtain leave from the presiding judge. If the request for leave is denied, written designation of local counsel must be filed within 14 days of the denial.

On Fri, Feb 26, 2021 at 12:29 PM Paul Wersant <pwersant@gmail.com> wrote:

> The court must do it by motion.
>
> I will email you a draft motion and order.
>
>
> Paul Wersant
>
> Sent from my iPhone
>
>
> > On Feb 26, 2021, at 11:59 AM, Shimshon Wexler <swexleresq@gmail.com> wrote:
> >
> >
> > Is the attached acceptable? I pulled it from one of my other cases.
> >
> >
> > On Fri, Feb 26, 2021 at 11:41 AM <pwersant@ioucentral.com> wrote:
> > > You are not admitted in the Northern District of Texas so that matter is not your concern at the present time.
> > >
> > > Knowing the local rules is your responsibility.
> > >
> > >
> > > There is no updated settlement offer. We provided a number and a deadline which your clients refused to meet.
> > >
> > > There is nothing further to discuss.  We are done with the haggling.
> > >
> > >
> > > The proposal on the mutual dismissal in Georgia is exactly that.
> > >
> > >
> > > I tend to have to repeat everything to you several times which you still do not understand.
> > >
> > > I am not repeating myself further here.
> > >
> > > You may want to associate with local counsel who can actually understands the practice of law.

Gmail - RE: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice

Case 4:21-cv-00144-Y   Document 11   Filed 03/10/21   Page 9 of 20   PageID 158

**From:** Shimshon Wexler <swexleresq@gmail.com>
**Sent:** Friday, February 26, 2021 10:52 AM
**To:** Paul Wersant <pwersant@gmail.com>
**Cc:** bpierce@ioufinancial.com; Brittney Pierce <bpierce@ioucentral.com>; Paul Wersant <pwersant@ioucentral.com>
**Subject:** Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice

Paul,

I don't appreciate the insults. I am trying to get this case settled.

Now that you have filed in Texas, please provide an updated settlement offer with terms that I can take back to my clients.

You wrote "We offered a mutual dismissal of the Georgia case." I had not seen this other than in a vague text. Can you send me over the proposal so that I can review it with my client?

Also, what does it mean when you wrote "You also have no authority in the Texas federal case."

Shimshon

On Fri, Feb 26, 2021 at 10:43 AM Paul Wersant <pwersant@gmail.com> wrote:

> We discussed settlement Shimshon and your clients refused to settle on our terms - about which you haggled for two years.
>
> You also have no authority in the Texas federal case.
>
> Nor is there a basis for "sanctions" there.
>
> Feel free to file any motion you see fit there.
>
> We offered a mutual dismissal of the Georgia case.
>
> Then you can enjoy the prestige of getting a class certified in the Fifth Circuit.
>
> You may have better luck there than the Second and the Eleventh.
>
> A brilliant litigator like you should feel totally comfortable in any forum.
>
> Paul Wersant

Gmail - RE: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice

Case 4:21-cv-00144-Y    Document 11    Filed 03/10/21    Page 10 of 20    PageID 159

On Feb 26, 2021, at 10:15 AM, Shimshon Wexler <swexleresq@gmail.com> wrote:


Subject to FRE 408


Paul,


I just tried calling but you did not pick up the phone. Please call me when you have the chance.


I have been retained to represent the Defendants in this case. I intend to file another motion for sanctions because of the baseless complaint that you filed against my clients. Among other things, you have a pending substantially similar lawsuit in Georgia and you have not notified the Court about this. Despite disputing your claims in the interest of settlement I would like to offer that my clients pay $2,000 a month for 50 months in exchange for a mutual dismissal with prejudice.


Shimshon

212-760-2400



---------- Forwarded message ---------
From: <ecf_txnd@txnd.uscourts.gov>
Date: Fri, Feb 26, 2021 at 8:38 AM
Subject: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice
To: <Courtmail@txnd.uscourts.gov>


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Click here to see Judge Specific Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

**U.S. District Court**

Gmail - RE: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice

Case 4:21-cv-00144-Y   Document 11   Filed 03/10/21    Page 11 of 20   PageID 160

Northern District of Texas

## Notice of Electronic Filing

The following transaction was entered by Wexler, Shimshon on 2/26/2021 at 7:37 AM CST and filed on 2/26/2021

**Case Name:**   IOU Central, Inc. v. Premier Paving GP. Inc. et al

**Case Number:**   4:21-cv-00144-Y

**Filer:**   Kurt Lane Hinds

Sharon L. Hinds

Premier Paving GP. Inc.

Premier Paving, LTD.

**Document Number:** 4

**Docket Text:**
**Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-11639514) filed by Kurt Lane Hinds, Sharon L. Hinds, Premier Paving GP. Inc., Premier Paving, LTD. Attorney Shimshon Wexler added to party Kurt Lane Hinds(pty:dft), Attorney Shimshon Wexler added to party Sharon L. Hinds(pty:dft), Attorney Shimshon Wexler added to party Premier Paving GP. Inc.(pty:dft), Attorney Shimshon Wexler added to party Premier Paving, LTD.(pty:dft) (Wexler, Shimshon)**

**4:21-cv-00144-Y Notice has been electronically mailed to:**

Paul Gerard Wersant &nbsp &nbsp pwersant@gmail.com, bpierce@ioufinancial.com, pwersant@ioufinancial.com

Shimshon Wexler &nbsp &nbsp swexleresq@gmail.com

**4:21-cv-00144-Y The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will only serve notice of court Orders and Judgments by mail as required by the federal rules.**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=2/26/2021] [FileNumber=12969612-0] [3f67d0222580b20dc69b8449009525feadf677aa339a86d30a13a18921d0692782

Gmail - RE: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice

Case 4:21-cv-00144-Y Document 11 Filed 08/10/21 Page 12 of 20 PageID 161

<Mutual Dismissal IOU Premier.docx>

# Exhibit B

Gmail - Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Request for extension to answer the complaint

Case 4:21-cv-00144-Y    Document 11    Filed 03/10/21    Page 14 of 20    PageID 163

 Shimshon Wexler <swexleresq@gmail.com>

---

## Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Request for extension to answer the complaint

1 message

---

**Shimshon Wexler** <swexleresq@gmail.com>                                    Tue, Mar 2, 2021 at 1:13 PM
To: Paul Wersant <pwersant@ioucentral.com>
Cc: Paul Wersant <pwersant@gmail.com>, bpierce@ioufinancial.com, Brittney Pierce <bpierce@ioucentral.com>

My clients want the Georgia action to be dismissed with prejudice. The document that I had previously sent over had the dismissal with prejudice. I note that you have the case being dismissed without prejudice.

Shimshon
212-760-2400

On Tue, Mar 2, 2021 at 1:10 PM <pwersant@ioucentral.com> wrote:

> No objection.  Let me know when I have express permission to file the motion today.
>
>
> Paul
>
> ---
>
> **From:** Shimshon Wexler <swexleresq@gmail.com>
> **Sent:** Tuesday, March 2, 2021 1:09 PM
> **To:** Paul Wersant <pwersant@ioucentral.com>
> **Cc:** Paul Wersant <pwersant@gmail.com>; bpierce@ioufinancial.com; Brittney Pierce <bpierce@ioucentral.com>
> **Subject:** Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Request for extension to answer the complaint
>
>
> I request a response date of March 24th.
>
>
> On Tue, Mar 2, 2021 at 1:04 PM <pwersant@ioucentral.com> wrote:
>
>> Shimshon,
>>
>> Attached, please find the draft motion and order to dismiss this case.
>>
>> Two weeks starting from when?  The answer not yet due as they were only served on 2/17.
>>
>> Sincerely,
>>
>> **Paul Wersant**
>> General Counsel
>> C: 678-894-5876

Gmail - Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Request for extension to answer the complaint

Case 4:21-cv-00144-Y    Document 11    Filed 03/10/21    Page 15 of 20    PageID 164

O: 866.21
D: 678.264.2358
F: 866.404.5117
pwersant@ioufinancial.com

**From:** Shimshon Wexler <swexleresq@gmail.com>
**Sent:** Tuesday, March 2, 2021 8:57 AM
**To:** pwersant@ioucentral.com
**Cc:** Paul Wersant <pwersant@gmail.com>; bpierce@ioufinancial.com; Brittney Pierce <bpierce@ioucentral.com>
**Subject:** Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Request for extension to answer the complaint


Paul,


Defendants request a 2 week extension to respond to the complaint. Do you oppose this request?


Thank you,


Shimshon

212-760-2400



Sent from my iPhone


On Mar 1, 2021, at 11:15 AM, pwersant@ioucentral.com wrote:


Shimson,


I do not oppose your request.


Paul

Gmail - Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Request for extension to answer the complaint

Case 4:21-cv-00144-Y Document 11 Filed 03/10/21 Page 16 of 20 PageID 165

**From:** Shimshon Wexler <swexleresq@gmail.com>
**Sent:** Monday, March 1, 2021 10:43 AM
**To:** Paul Wersant <pwersant@gmail.com>
**Cc:** bpierce@ioufinancial.com; Brittney Pierce <bpierce@ioucentral.com>; Paul Wersant <pwersant@ioucentral.com>
**Subject:** Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice


Paul,


I believe that we can accomplish dismissal by filing what I had attached but in any event, I am waiting for your draft motion and order.


Also, in reviewing the local rules I noticed that there is a requirement that a party have local counsel in this case. I have copied and pasted the applicable rule below. Would you consent to allow me to proceed without local counsel? Please let me know as I need to inform the Court on your position.


Thank you,


Shimshon Wexler

212-760-2400




83.10 - Requirement of Local Counsel.

      **a.** **Local Counsel Required**. Unless exempted by LR 83.11, local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district. "Local counsel" means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending. Attorneys desiring to proceed without local counsel must obtain leave from the presiding judge. If the request for leave is denied, written designation of local counsel must be filed within 14 days of the denial.


On Fri, Feb 26, 2021 at 12:29 PM Paul Wersant <pwersant@gmail.com> wrote:

> The court must do it by motion.
>
> I will email you a draft motion and order.
>
>
> Paul Wersant
>
> Sent from my iPhone

Gmail - Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Request for extension to answer the complaint

Case 4:21-cv-00144-Y   Document 11   Filed 03/10/21   Page 17 of 20   PageID 166

On Feb 26, 2021, at 11:59 AM, Shimshon Wexler <swexleresq@gmail.com> wrote:

Is the attached acceptable? I pulled it from one of my other cases.

On Fri, Feb 26, 2021 at 11:41 AM <pwersant@ioucentral.com> wrote:

You are not admitted in the Northern District of Texas so that matter is not your concern at the present time.

Knowing the local rules is your responsibility.

There is no updated settlement offer. We provided a number and a deadline which your clients refused to meet.

There is nothing further to discuss.  We are done with the haggling.

The proposal on the mutual dismissal in Georgia is exactly that.

I tend to have to repeat everything to you several times which you still do not understand.

I am not repeating myself further here.

You may want to associate with local counsel who can actually understands the practice of law.

---

**From:** Shimshon Wexler <swexleresq@gmail.com>
**Sent:** Friday, February 26, 2021 10:52 AM
**To:** Paul Wersant <pwersant@gmail.com>
**Cc:** bpierce@ioufinancial.com; Brittney Pierce <bpierce@ioucentral.com>; Paul Wersant <pwersant@ioucentral.com>
**Subject:** Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice

Paul,

I don't appreciate the insults. I am trying to get this case settled.

Now that you have filed in Texas, please provide an updated settlement offer with terms that I can take back to my clients.

You wrote "We offered a mutual dismissal of the Georgia case." I had not seen this other

Gmail - Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Request for extension to answer the complaint

Case 4:21-cv-00144-Y Document 11 Filed 03/10/23 Page 18 of 20 PageID 167

client?

Also, what does it mean when you wrote "You also have no authority in the Texas federal case."

Shimshon

On Fri, Feb 26, 2021 at 10:43 AM Paul Wersant <pwersant@gmail.com> wrote:

> We discussed settlement Shimshon and your clients refused to settle on our terms - about which you haggled for two years.
>
> You also have no authority in the Texas federal case.
>
> Nor is there a basis for "sanctions" there.
>
> Feel free to file any motion you see fit there.
>
> We offered a mutual dismissal of the Georgia case.
>
> Then you can enjoy the prestige of getting a class certified in the Fifth Circuit.
>
> You may have better luck there than the Second and the Eleventh.
>
> A brilliant litigator like you should feel totally comfortable in any forum.
>
> Paul Wersant
>
>> On Feb 26, 2021, at 10:15 AM, Shimshon Wexler <swexleresq@gmail.com> wrote:
>>
>> Subject to FRE 408
>>
>> Paul,
>>
>> I just tried calling but you did not pick up the phone. Please call me when you have the chance.
>>
>> I have been retained to represent the Defendants in this case. I intend to file another motion for sanctions because of the baseless complaint that you

Gmail - Re: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Request for extension to answer the complaint

Case 4:21-cv-00144-Y Document 11 Filed 03/10/21 Page 19 of 20 PageID 168

filed against my clients. Among other things, you have a pending substantially similar lawsuit in Georgia and you have not notified the Court about this. Despite disputing your claims in the interest of settlement I would like to offer that my clients pay $2,000 a month for 50 months in exchange for a mutual dismissal with prejudice.

Shimshon

212-760-2400

---------- Forwarded message ---------
From: <ecf_txnd@txnd.uscourts.gov>
Date: Fri, Feb 26, 2021 at 8:38 AM
Subject: Activity in Case 4:21-cv-00144-Y IOU Central, Inc. v. Premier Paving GP. Inc. et al Application for Admission Pro Hac Vice
To: <Courtmail@txnd.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Click here to see Judge Specific Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

**U.S. District Court**

**Northern District of Texas**

## Notice of Electronic Filing

The following transaction was entered by Wexler, Shimshon on 2/26/2021 at 7:37 AM CST and filed on 2/26/2021

| | |
|---|---|
| **Case Name:** | IOU Central, Inc. v. Premier Paving GP. Inc. et al |
| **Case Number:** | 4:21-cv-00144-Y |
| **Filer:** | Kurt Lane Hinds |

Sharon L. Hinds

Premier Paving GP. Inc.

Premier Paving, LTD.

**Document Number:** 4

**Docket Text:**

**Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-11639514) filed by Kurt Lane Hinds, Sharon L. Hinds, Premier Paving GP. Inc., Premier Paving, LTD. Attorney Shimshon Wexler added to party Kurt Lane Hinds(pty:dft), Attorney Shimshon Wexler added to party Sharon L. Hinds(pty:dft), Attorney Shimshon Wexler added to party Premier Paving GP. Inc.(pty:dft), Attorney Shimshon Wexler added to party Premier Paving, LTD. (pty:dft) (Wexler, Shimshon)**

**4:21-cv-00144-Y Notice has been electronically mailed to:**

Paul Gerard Wersant &nbsp &nbsp pwersant@gmail.com, bpierce@ioufinancial.com, pwersant@ioufinancial.com

Shimshon Wexler &nbsp &nbsp swexleresq@gmail.com

**4:21-cv-00144-Y The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will only serve notice of court Orders and Judgments by mail as required by the federal rules.**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=2/26/2021] [FileNumber=12969612-0] [3f67d0222580b20dc69b8449009525 feadf677aa339a86d30a13a18921d0692782 0846f78ee6a90e9827d77c944d56945c02cc90888ed17b06eca700b0e89c 91]]

<Mutual Dismissal IOU Premier.docx>