```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

| | | |
|---|---|---|
| IOU CENTRAL, INC. | § | |
| d/b/a IOU FINANCIAL | § | |
| | § | |
| VS. | § | CIVIL NO. 4:21-CV-144-Y |
| | § | |
| PREMIER PAVING GP. | § | |
| INC., et al. | § | |

### ORDER ADMONISHING COMPLIANCE WITH DONDI PROPERTIES

Now under the Court's consideration is plaintiff IOU Central, Inc.'s motion to strike, for sanctions, and for Defendants' counsel's disqualification. (Doc. no. 10.) Defendants have also responded. (Doc. no. 11.) Although all counsel represented that they had read *Dondi Properties Corp. v. Commerce Savs. & Loan As'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), their behavior thus far calls that into question. This motion and response contain numerous ad hominem attacks and arguments that fail to advance this matter's resolution. Between this and the fights over court admission and local counsel, the Court has already consumed more time on this case than necessary.

While the Court considers this motion, the Court **ADMONISHES** all lawyers in this case to comply with the standards set forth in *Dondi Properties*. 121 F.R.D. at 284. However law is practiced in Georgia, this case sets the standards for the Northern District of Texas. "Effective advocacy does not require antagonistic or obnoxious behavior and members of the Bar will adhere to the higher

standard of conduct which judges, lawyers, clients, and the public may rightfully expect." *Id.* at 288. Lawyers are members of a "learned profession" and "should treat each other, the opposing party, the court, and members of the court staff with courtesy and civility and conduct themselves in a professional manner at all times." *Id.* These standards arise from our duty to the judicial system.

When these standards drop, "valuable judicial and attorney time is consumed in resolving unnecessary contention and sharp practices between lawyers." *Id.* at 286. "Our system of justice can ill-afford to devote scarce resources to supervising matters that do not advance the resolution of the merits of the case." *Id.* For that reason, "[m]alfeasant counsel can expect instead that their conduct will prompt an appropriate response form the court . . . ." *Id.* at 288.

Going forward, all lawyers must comply with *Dondi Properties* standards. In addition, IOU Central should consider withdrawing its motion (doc. no. 10). If it does not, the Court—as IOU Central's motion requires—will put the parties and their counsels' actions under a microscope. The parties can then expect appropriate responses from the Court.

SIGNED April 9, 2021.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE