```
               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

| | | |
|---|---|---|
| IOU CENTRAL, INC. | § | |
| d/b/a IOU FINANCIAL | § | |
| | § | |
| VS. | § | CIVIL NO. 4:21-CV-144-Y |
| | § | |
| PREMIER PAVING GP. | § | |
| INC., et al. | § | |

### ORDER STRIKING PLAINTIFF'S AMENDED COMPLAINT

On February 11, 2021, plaintiff IOU Central Inc. filed its original complaint in this Court. (Doc. no. 1.) It is unclear how IOU Central notified Defendants of this case, but on March 10, Defendants filed a motion to dismiss. (Doc. no 8.) Twenty-two days later, IOU Central filed its first amended complaint. (Doc. no. 17.)

Under the Federal Rules of Civil Procedure, a plaintiff may amend its complaint one of two ways. First, if the defendant files a motion to dismiss, a plaintiff may amened its complaint as a matter of course within 21 days of service of the motion. *See* FED. R. CIV. P. 15(a)(1)(B). Defendants did file a motion to dismiss, but IOU Central missed its matter-of-course option by filing its amended complaint one day late.

The other way is by either obtaining the opposing party's consent or leave of court. FED. R. CIV. P. 15(a)(2); *U.S. v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998). IOU Central failed to obtain––or even move for––leave of court. And after review of

ORDER STRIKING PLAINTIFF'S AMENDED COMPLAINT - PAGE 1

the papers on file, the Court does not find Defendants' written consent to the amended complaint. Accordingly, the Court concludes that plaintiff IOU Central's amended complaint is improper, and therefore **STRICKEN**.

SIGNED April 9, 2021.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE