UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
--------------------------------------------------
IOU CENTRAL, INC.,                              Case 4:21-cv-00144-Y
Plaintiff

       Versus

PREMIER PAVING GP, INC.;
PREMIER PAVING, Ltd.;
SHARON HINDS;
KURT HINDS,
Defendants
--------------------------------------------------

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS THE COMPLAINT WITHOUT PREJUDICE

      Plaintiff has filed a "notice of voluntary dismissal of entire case without prejudice". For the reasons explained below the Court should not permit Plaintiff to dismiss this case without prejudice. The undersigned counsel for Defendants has spent a significant amount of time responding to the Complaint with a motion to dismiss and then preparing a more comprehensive motion to dismiss the Amended Complaint which had been stricken. In response to Plaintiff's request that it be allowed to file a late response to the motion to dismiss Defendants consented. Defendants had also stated that they had no objection to the late filing of the amended complaint. Plaintiff has not explained why it seeks dismissal. If the Court permits dismissal without prejudice, presumably Plaintiff can bring this identical suit again.

It is true that Defendants have not yet filed an answer or motion for summary judgment and under the text of Rule 41(a)(1) Plaintiff should be able to voluntarily dismiss its claims without prejudice. However, "given the circumstances of this case, the Court should determine that Plaintiff is not entitled to dismissal without prejudice." *Perry v. Fed. Nat'l Mortg. Ass'n, No. 3:14-CV-077-B,* 2014 WL 3972295, at *5 (N.D. Tex. Aug. 16, 2014) attached (denying motion to dismiss without prejudice where a motion to dismiss was filed). The Fifth Circuit has noted that the purpose of Rule 41(a)(1) "is to permit a plaintiff to take the case out of court at an early stage if no other party will be prejudiced." *Exxon Corp. v. Maryland Cas. Co.,* 599 F.2d 659, 662 (5th Cir.1979). While the Fifth Circuit reaffirmed in that case that a motion to dismiss will generally not foreclose a plaintiff's voluntary dismissal rights under Rule 41(a)(1), it has also acknowledged holdings in other courts in which they "held that certain pleadings which are neither an answer nor a motion for summary judgment will bar the right to a voluntary dismissal by notice under Rule 41(a)(1)." *Plains Growers, Inc. by and Through Florists' Mut. Ins. Co. v. Ickes–Braun Glasshouses, Inc.,* 474 F.2d 250, 253 (5th Cir.1973). These cases have almost invariably "involved proceedings which joined issue on the controversy or brought the court into consideration of the merits of the controversy." *Id.* (citing *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105 (2d Cir.1953)).

Here, Defendants' Motion to Dismiss has brought the Court "into consideration of the merits of the controversy" by asking the Court to assess Plaintiff's complaint "in light of the documents which were incorporated" by reference into the Complaint which showed the pending Georgia state court action. *See Harvey,* 203 F.2d at 106 (holding that the merits of a controversy were squarely raised when the district court was required to consider the likelihood of plaintiff's

success on the merits). Accordingly, this Court should hold that Defendants' Motion to Dismiss bars Plaintiff from exercising its rights of voluntary dismissal under Rule 41(a)(1).

Furthermore, the motion to dismiss should be converted to a motion for summary judgment matters because matters have been presented and not excluded. Specifically, the action in the state court of Georgia was attached to the motion to dismiss. Fed.R.Civ.P. 12(b). For the purposes of Rule 41(a)(1), a converted 12(b)(6) motion to dismiss will be treated as a motion for summary judgment. See Nix v. Fulton Lodge No. 2, 5 Cir. 1971, 452 F.2d 794, 797-98, Cert. denied, 1972, 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332; 5 Moore's Federal Practice P 41.02(3) at 41-32 (2d ed. 1978); 9 C. Wright & A. Miller, Supra, s 2363 at 155.

A motion to dismiss is a pending motion for summary judgment if the defendants have attached supporting affidavits or documents outside the pleadings not excluded by the court. *See Wilson–Cook Medical, Inc. v. Wilson,* 942 F.2d 247, 252 (4th Cir.1991). In these circumstances, if the district court accepts and considers the affidavits relevant to the motion to dismiss for failure to state a claim, the motion to dismiss is converted to a motion for summary judgment and prevents voluntary dismissal. *Id.; see also Manze v. State Farm Ins. Co.,* 817 F.2d 1062, 1066 (3rd Cir.1987) (stating that where a defendant "intend[s] a Rule 56 motion by its motion to dismiss," or where court "treats it as such," voluntary dismissal right barred).

**CONCLUSION**

Plaintiff's request to dismiss this case without prejudice should be denied. Alternatively, if the Court does permit Plaintiff to dismiss the case without prejudice, Defendants request that the Court order Plaintiff to pay reasonable attorney's fees, expenses and costs in an amount of $2,500 which is well below the amount of actual time Defendant's spent litigating this case.

Respectfully submitted this 12th day of April 2021.

*/s/ Shimshon Wexler*

Shimshon Wexler (admitted pro ha vice)
GA Bar No. 436163
S Wexler LLC
2244 Henderson Mill Rd, Ste 108
Atlanta, GA 30345
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com