Perry v. Federal Nat. Mortg. Ass'n, Not Reported in F.Supp.3d (2014)

Case 4:21-cv-00144-Y Document 23 Filed 04/12/21 Page 1 of 7 PageID 212

KeyCite Yellow Flag - Negative Treatment
Distinguished by [Berry v. ADT Security Services, Inc.,](#) S.D.Tex., June 24, 2019

2014 WL 3972295
Only the Westlaw citation is currently available.
United States District Court,
N.D. Texas,
Dallas Division.

Robert PERRY, Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Aurora Loan Services, LLC, Defendants.

Civil Action No. 3:14–CV–0077–B.
|
Filed Aug. 13, 2014.
|
Signed Aug. 16, 2014.

**Attorneys and Law Firms**

Robert Perry, II, Dallas, TX, pro se.

[Stewart Clancy](#), [C. Charles Townsend](#), [Keron Andre Wright](#), Akerman LLP, Dallas, TX, for Defendants.

*MEMORANDUM OPINION AND ORDER*

JANE J. BOYLE, District Judge.

**\*1** Before the Court is Defendants Federal National Mortgage Association and Aurora Loan Services, LLC's Motion to Dismiss (doc. 10), filed February 7, 2014. After considering the Motion, the Court finds that Defendants' Motion should be and hereby is **GRANTED.**

**I.**

**BACKGROUND**

This case arises out of a foreclosure sale and subsequent eviction proceedings brought against Plaintiff Robert Perry for possession of real property. On July 26, 2006, Plaintiff executed a note payable to First Magnus Financial Corporation ("FMF"), secured by a deed of trust, in order to purchase property located at 1006 Allen Street Dallas, Texas 75204 ("the Property"). Doc. 11–2, Deed of Trust Ex. P. The deed identified Mortgage Electronic Registration Systems, Inc. ("MERS") as FMF's nominee, successor, and assign. *Id.* Perry subsequently defaulted on the loan in September 2010. Doc. 10–1, Defs.' Br. 2. MERS then assigned the deed to Aurora Loan Services ("Aurora") on January 10, 2011. Doc. 11–2, Assignment Ex. Q. A foreclosure sale occurred on April 5, 2011, and Aurora purchased the property. Doc. 11–1, Substitute Trustee Deed Ex. B. On April 29, 2011, Aurora transferred the Property to Federal National Mortgage Association ("Fannie Mae") by warranty deed. Doc. 11–1, Warranty Deed Ex. C.

On May 6, 2011, Fannie Mae filed a Petition for Forcible Detainer in Dallas County Justice of the Peace Precinct 1. Doc. 11–1, Petition Ex. D. Since then, Perry has twice appealed two separate orders of eviction, has unsuccessfully filed for Chapter 7 bankruptcy, and has thrice unsuccessfully removed these proceedings to federal court. Doc. 10, Def.'s Br. 2–3. On December 18, 2013, Perry filed his Original Complaint in the 44th Judicial District of Dallas. Doc. 1, Notice of Removal 1. Aurora removed to this Court on January 10, 2014, pursuant to [28 U.S.C. §§ 1337](#), [1367(a)](#). *Id.* at 2. Perry filed a Second Amended Complaint (doc. 9) on January 24, 2014, and Defendants filed a Motion to Dismiss (doc. 10) along with a supporting brief on February 7, 2014. This Motion is now ripe for the Court's review.

**II.**

**LEGAL STANDARD**

Under [Rule 8(a)(2) of the Federal Rules of Civil Procedure](#), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." [Fed. R. Civ. P. 8(a)(2)](#). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." [Fed. R. Civ. P. 12(b)(6)](#). In deciding a motion to dismiss pursuant to [Rule 12(b)(6)](#), the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." [*Martin K Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004)](#). "A motion to dismiss an action for failure to state a claim 'admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.' " *Tel–Phonic*

**Perry v. Federal Nat. Mortg. Ass'n, Not Reported in F.Supp.3d (2014)**

Case 4:21-cv-00144-Y   Document 23   Filed 04/12/21   Page 2 of 7   PageID 213

*Servs., Inc. v. TBS Int'l,* 975 F.2d 1134, 1137 (5th Cir.1992) (quoting *Ward v. Hudnell,* 366 F.2d 247, 249 (5th Cir.1966)). The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

**\*2** To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true (even if doubtful in fact)." *Id.* at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The court will not weigh the evidence or resolve competing factual assertions at the motion to dismiss stage. *See Nietzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's belief of a complaint's factual allegations."). Instead, at this stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *At the Airport, LLC v. Isata, LLC,* 438 F.Supp.2d 55, 60 (E.D.N.Y.2006).

When deciding a Rule 12(b)(6) motion, a court may "rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.' " *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir.2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 314, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)). Additionally, a court may review those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac–Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir.2004).

**III.**

**ANALYSIS**

Perry alleges numerous causes of action against Defendants, including five violations of the Federal Trade Commission Act ("FTCA"), three alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), three alleged violations of the Fair Credit Reporting Act ("FCRA"), one violation of the Real Estate Settlement Procedures Act ("RESPA"), and various claims for declaratory and injunctive relief. Perry bases some of his claims on the theory that, because they are not "holders" of the original note, Defendants do not have the authority to foreclose on the Property. Defendants move to dismiss all claims with prejudice on two grounds: (1) Perry has failed to state any plausible claims for relief, and (2) the sole purpose behind Perry's Complaint is to delay his eviction from the foreclosed property. Doc. 10–1, Def's Br.7–8. The Court addresses these arguments below.

*A. Claims Alleging FTCA Violations*

Perry's first five claims allege violations of the FTCA. Doc. 9, Sec. Am. Pet. ¶¶ 29–49. It is well-settled that the FTCA does not provide a private cause of action. *Barrett v. HSBC Bank USA, N.A.,* No. 4:12–CV–0476–B, 2012 WL 5471491, at \*3 (N.D.Tex. Nov.9, 2012); *Cranfill v. Scott & Fetzer Co.,* 752 F.Supp. 732, 734 (E.D.Tex.1990) (citing *Fulton v. Hecht,* 580 F.2d 1243 (5th Cir.1978)). Because the FTCA does not provide a private cause of action, Perry's claims alleging FTCA violations are not claims upon which relief can be granted.

**\*3** Throughout his Petition, Perry generally only makes broad assertions as to business practices that Defendants employed against consumers at large and does not allege any specific wrongdoing committed by Defendants against Perry personally. The only allegations that Perry makes with any degree of specificity in his Petition are specifically directed toward establishing a violation under the FTCA. Doc. 9, Sec. Am. Pet. ¶ 38. Although Perry's allegations in this section are less than clear, he essentially argues that "[i]n the course and conduct of their loan servicing and collection," Defendants "force placed Escrow on the loan stating that [Perry] had not pay [sic] property taxes for consumers' homes when such taxes had been paid." *Id.* According to Perry, Defendants actions were wrongful because they had received a refund from the tax office, and therefore "should have known" that Perry had, in fact, paid the disputed taxes. *Id.* Nevertheless, Defendants "failed to disclose to consumers" that escrows would be "force placed" on their loans, and they took "more than seven amounts [sic] to credit Perry's account after the Defendant receive [sic] the refund from the tax office." *Id.*

As noted, no cause of action exists under the FTCA, but even looking beyond the FTCA, the Court cannot discern that these allegations are sufficient to state a claim under any of the other statutes that Perry cites to. For instance, while

**Perry v. Federal Nat. Mortg. Ass'n, Not Reported in F.Supp.3d (2014)**

Case 4:21-cv-00144-Y   Document 23   Filed 04/12/21   Page 3 of 7   PageID 214

the language of these allegations would seem to be geared towards establishing a claim under 12 U.S.C. § 2605(k), this section of RESPA only addresses force-placed insurance, not the "force-placed escrow" for taxes that Perry alleges. These allegations also do not clearly relate to any of the sections of the FDCPA, nor do they clearly fall within the ambit of any provision of the FCRA. Accordingly, Perry's allegations, labeled as violations of the FTCA, are insufficient to state a claim under any cited statute, and are hereby **DISMISSED.**

*B. Claims Alleging FDCPA Violations*

Perry's next three claims allege that Defendants violated the FDCPA. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means" or "unfair or unconscionable means" to collect a debt. 15 U.S.C. §§ 1692e, 1692f. Perry first alleges that on numerous occasions Defendants violated § 1692e when, "in connection with the collection of debts that were in default when obtained by defendants, defendants have used false, deceptive, or misleading representations or means." Doc. 9, Sec. Am. Pet. ¶ 51. Perry also claims that on numerous occasions "defendants have used unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to collecting amounts ... not authorized by the agreement creating the debt or permitted by law, in violation of Section 808(1) of the FDCPA, 15 U.S.C. § 1692(f)(1)." *Id.* ¶ 53. Finally, Perry alleges that in numerous instances Defendants violated the FDCPA when they failed to "notify consumers of their right to dispute and obtain verification of their debts and to obtain the name of the original creditor, either in the initial communication with consumers by defendants, or within five days thereafter, in violation of Section 809(a) of the FDCPA, 15 U.S.C. 0167g(a)." *Id.* ¶ 56. In response to Perry's allegations, Defendants argue that Perry's claims should be dismissed, because "there are no allegations defendants committed any act against Perry," and further that "even if Perry had alleged these defendants committed some act against him, mortgage servicers are generally excluded from the definition of a debt collector under the FDCPA." Doc. 10–1, Def.'s Br. 5.

**\*4** After reviewing the parties' arguments, the circumstances of the case, and the relevant law, the Court concludes that Perry has failed to state a claim under the FDCPA. While Defendants are correct that the legislative history and relevant case law has established that mortgage companies do not generally fall under the FDCPA's definition of debt collector, this exemption only applies as long as the "debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985). In the present case, MERS transferred the deed of trust to Aurora only after Perry had defaulted on his loan, which would seem to fall under the exception noted in *Perry.* Regardless, Perry has not specifically pled any additional facts in order to show that Defendants were "debt collectors" within the meaning of the FDCPA other than to assert in a conclusory fashion that Aurora and Fannie Mae "are 'debt collector' [sic] as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6)." Doc. 9, Sec Am. Pet. ¶ 6. Additionally, Perry has failed to specify any event in which he was subjected to treatment by Defendants that would qualify as a violation of the FDCPA. *Barrett,* 20120 WL 5471491, at *3. Rather, he makes broad allegations as to the Defendants' "business practices" and treatment of consumers at large, and otherwise provides mere legal conclusions that are insufficient to support his claims. *Iqbal,* 556 U.S. at 663 (holding that "threadbare recitals of a cause of action, supported by mere conclusory statements" are insufficient to state a claim). Accordingly, the Court concludes that Perry has failed to state a claim under the FDCPA upon which relief can be granted, and his claims under the FDCPA are therefore **DISMISSED.**

*C. Claims Alleging FCRA Violations*

Perry's next three claims allege that Defendants violated the FCRA. Perry's first claim alleges that in numerous instances "defendants have furnished information relating to consumers to a consumer reporting agency when defendants knew or consciously avoided knowing that the information was inaccurate, and when defendants have not ... specified to consumers an address for mailing notices disputing said information." Doc. 9, Sec Am. Pet. ¶ 59. Next, Perry claims that in numerous instances where Defendants have given information to a consumer reporting agency that they knew was neither complete nor accurate, "Defendants failed to promptly notify the consumer reporting agency of that determination and provide to the agency any corrections as to that information ... that was necessary to make that information ... complete and accurate." *Id.* ¶ 59. Finally, Perry claims that in numerous instances in which consumers have informed Defendants that they dispute the information that was furnished by Defendants, "Defendants have not reported the disputes to any or all of the consumer reporting agencies to which they furnish or have furnished information." *Id.* ¶ 70. In response, Defendants again argue that Perry's claims should be dismissed because he fails to mention "how these defendants allegedly harmed him in violation of the FCRA." Doc. 10–1, Defs.' Br. 6.

Perry v. Federal Nat. Mortg. Ass'n, Not Reported in F.Supp.3d (2014)

Case 4:21-cv-00144-Y   Document 23   Filed 04/12/21   Page 4 of 7   PageID 215

**\*5** The Court concludes that Perry has failed to make sufficient allegations to state a claim. Once again, Perry has failed to specify when and if he suffered any particular type of wrongdoing at the hands of Defendants that would constitute a violation of the FCRA. Instead, he has referred to "consumers" generally and otherwise recites legal conclusions. Such allegations are wholly insufficient to lead the Court to a reasonable inference that Perry will be able to recover under the FCRA, and therefore Perry's claims under the FCRA must be **DISMISSED.**

*D. Claims Alleging RESPA Violations*

Perry bases his claim under RESPA on Defendants' alleged failure to

> Promptly post payments received in a timely manner; timely apply payments to principal and interest on consumers' accounts; make timely payments to escrow funds for casualty insurance premiums and property taxes; and timely and adequately acknowledge, investigate and respond to consumers' qualified written requests for information about the servicing of their loans and escrow accounts.

Doc. 9, Sec. Am. Pet. ¶¶ 75–78. In response, Defendants argue that Perry's claim should be dismissed, because he "fails to plead sufficient facts to state a plausible claim ... He fails to allege anything other than naked noncompliance with the statute." Doc. 10–1, Def.'s Br. 7.

Again, the Court concludes that Perry's failure to make any specific allegations and mere recitation of the elements of a claim under RESPA are insufficient to make out a claim. Accordingly, Perry's claims under RESPA are **DISMISSED.**

*E. Declaratory, Injunctive, and Miscellaneous Claims for Relief*

Although it is not exactly clear from the Complaint, it appears that Perry asserts claims for injunctive and declaratory relief based on allegations that Defendants lacked authority to foreclose. Doc. 9, Sec. Am. Pet. 21–22.[1] He argues, first, that Defendants must produce the original note and demonstrate that they are holders of that note in order to collect on the underlying debt. Doc. 15, Pl.'s Resp. 2, 4. Perry also asserts that Defendants must produce documentation of all of the transfers and assignments of the original deed of trust. *Id.* at 2; doc. 9, Sec. Am. Pet. ¶¶ 11, 27. Finally, Perry asserts that Defendants' lack of authority to foreclose gives rise to numerous claims for relief under Texas law. Docs. 9, Sec. Am. Pet. 1; 15, Pl.'s Resp. 4. Defendants respond by arguing that, as a mortgagee, Aurora does not have to show that it owns or holds the underlying note in order to enforce the deed of trust. Doc. 19, Defs.' Reply 3–4.

Perry's first challenge to Aurora's authority to foreclose is a reiteration of the oft-rejected show-me-the-note theory.[2] "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Wells v. BAC Home Loans Servicing, L.P.,* No. W–10–CA–00350, 2011 WL 2163987, at \*2 (W.D.Tex. Apr.26, 2011). This theory has been rejected in this Circuit because, under Texas law, "promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default, the note against the borrower and the lien against the real property." *Jones v. Deutsche Bank Nat. Trust Co.,* No. 3:12–CV–3929–L, 2013 WL 3455716, at \*8 (N.D.Tex. July 9, 2013) (quotations omitted). If a lender wishes to secure a personal judgment against a borrower, it will usually be required to produce the original note in order to show it is a holder, but if it seeks to foreclose, it need not do so because "foreclosure is an independent action against the collateral that enforces the deed of trust, not the underlying note." *Id.* (citations omitted); *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 254 (5th Cir.2013) ("The original, signed note need not be produced in order to foreclose.").

**\*6** The Texas Property Code permits mortgagees and mortgage servicers to "conduct a nonjudicial foreclosure sale 'under a power of sale conferred by a deed of trust or other contract lien.' " *Asonibe v. Flagstar Bank, FSB,* No. 3:12–CV–2113–M–BH, 2013 WL 1828842, at \*6 (N.D.Tex. Apr.5, 2013) *report and recommendation adopted by* No. 3:12–CV–2113–M–BH, 2013 WL 1831747 (N.D.Tex. Apr.30, 2013) (citing TEX. PROP. CODE. ANN. § 51.002). A "mortgagee" includes "the grantee, beneficiary, owner, or holder of a security instrument" or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE. ANN. § 51.001(4)(A), (C). Given this legal backdrop, courts have repeatedly held that a mortgagee does not need to produce proof of the original note before conducting a nonjudicial foreclosure sale. *Asonibe,* 2013 WL 1828842, at \*6.

Because the Deed of Trust named MERS as the beneficiary and nominee of FMF, the assignment of the Deed of Trust to Aurora also transferred all of the rights contained in the Deed

**Perry v. Federal Nat. Mortg. Ass'n,** Not Reported in F.Supp.3d (2014)

Case 4:21-cv-00144-Y   Document 23   Filed 04/12/21   Page 5 of 7   PageID 216

of Trust, including the right to foreclose on the Property. Docs. 11–2, Deed of Trust Ex. P, at 1–4; 11–2, Corp. Assignment Ex. Q. *See Jones,* 2013 WL 3455716, at *8; *Asonibe,* 2013 WL 1828842, at *6. Thus, Aurora could properly foreclose on the Property without having to produce the original note, and Fannie Mae could subsequently move to evict Perry from the Property after it was assigned Aurora's rights in the Property. Perry's claims for injunctive and declaratory relief, to the extent that they are based Defendants' failure to produce the original note, therefore fail to state a claim upon which relief may be granted.

Perry also challenges whether Defendants were properly assigned the deed of trust and thus whether they have a proper chain of title to establish a right to foreclose or to possess the Property. Doc. 25, Defs.' Br. 2. While homeowners may have standing to challenge the authority of mortgagees or mortgage servicers to foreclose based on improper chain of title, the homeowner must challenge the assignment on grounds that would render it void or invalid. *Miller v. Homecomings Financial, LLC,* 881 F.Supp.2d 825, 830 (S.D.Tex.2012).

Perry does not make any allegation as to the voidness or invalidity of any assignment to Defendants. He only makes the conclusory allegation in his Complaint that "there is no assignment of record that gives Defendant the right to this action" and, in his Response, alleges that Defendants have not produced documents to verify that all of the transfers and assignments of the deed of trust were proper. Docs. 9, Sec. Am. Pet. ¶ 11; 15, Pl.'s Resp. 2. These conclusory allegations do not allege grounds that would lead the Court to a reasonable inference that the Defendants did not possess a right to foreclose or to possess the property or that any assignment was void or invalid. Furthermore, these allegations run directly contrary to the documents incorporated into the petition by reference, which establish a complete chain of title from MERS, as FMF's nominee, successor, and assign, to Aurora, and then to Fannie Mae. Docs. 11–1, Sub. Trustee Deed Ex. B; 11–1, Special Warr. Deed Ex. C; 11–2, Deed of Trust Ex. P; 11–2, Corp. Assignment Ex. Q. Accordingly, to the extent that Perry bases a claim on his allegations that there is no assignment of record and that Defendants have not produced records to verify all transfers and assignments, the claims fail and must be dismissed as a matter of law.

***7** Additionally, Perry seems to suggest in his Petition that the foreclosure by Aurora was invalid because the transfer of the deed of trust split the note and deed of trust, but the law is clear that transfer of the deed of trust also transfers the note. *Jones,* 2013 WL 3455716, at *10. "Because the deed of trust or mortgage has no legal effect apart from the debt or obligation, any transfer of the deed of trust without the note automatically passes the debt." *DeFrancheschi v. Wells Fargo Bank, N.A.,* No. 4:10–CV–455–Y, 2011 WL 3875338, at *4 (N.D.Tex. Aug.31, 2011) (citing *Teas v. Republic Nat'l Bank,* 460 S.W.2d 233, 243 (Tex.App.-Dallas 1970, writ ref'd n.r.e)). When MERS assigned the deed of trust to Aurora, therefore, it also assigned its rights to sell and foreclose on the property under the deed. Doc. 11–2, Deed of Trust Ex. P, at 1–4; *Warren v. Bank of Am., N.A.,* No. 3:11–CV–3603–M, 2012 WL 3020075, at *4 (N.D.Tex. June 19, 2012) *report and recommendation adopted by* No. 3:11–CV–3603–M, 2013 WL 1131252 (N.D.Tex. Mar.19, 2013) *aff'd* 13–10353, 2014 WL 1778994 (5th Cir. May 6, 2014). To the extent that Perry's allegations rest on a theory that MERS's assignment of the deed was ineffective because it split the note and deed, they fail to make out a claim upon which relief may be granted.

For the above-stated reasons, therefore, Perry's claims for injunctive and declaratory relief, and any other cause of action based upon his allegations that Aurora lacked proper authority to foreclose on the Property or that the transfers to Aurora and Fannie Mae were invalid, are hereby **DISMISSED.**

Although Perry only mentions Fannie Mae's lack of proper title in the context of foreclosure, the Court can discern that he likely intended to assert the quiet title claim that he alleged in his original petition. Regardless, however, Perry fails to make out a claim for suit to quiet title because he makes no allegations to show either that Fannie Mae's claim to title is invalid or that he himself has superior title in the Property. Under Texas law, a suit to quiet title, or an action to remove cloud to title, is an equitable cause of action that clears invalid charges against the title to real property. *Fricks v. Hancock,* 45 S.W.3d 322, 327 (Tex.App.-Corpus Christi 2001, pet. denied). To prevail in a suit to quiet title action, a plaintiff must show "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Bell v. Bank of America Home Loan Servicing,* No. 4:11–CV–2085, 2012 WL 568755, at *7 (S.D.Tex. Feb.21, 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson,* No. 01–10–00837–CV, 2011 WL 6938507, at *3 (Tex.App.-Houston [1st Dist.] Dec. 30, 2011, no pet.)). "The plaintiff must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Jones,* 2013 WL 3455716, at

**Perry v. Federal Nat. Mortg. Ass'n, Not Reported in F.Supp.3d (2014)**

Case 4:21-cv-00144-Y   Document 23   Filed 04/12/21   Page 6 of 7   PageID 217

\*9 (citations omitted). In a suit to quiet title, a plaintiff must rely on the strength of his or her own title, not the weaknesses of his or her adversary's title. *Fricks,* 45 S.W.3d at 327.

**\*8** Perry makes no allegations that would lead the Court to a reasonable inference that he has a right to ownership that would justify the Court's interference. Nowhere does he allege with any specificity any facts regarding the superiority of his own title, and he pleads no facts that would raise a question as to the validity of Aurora or Fannie Mae's interest in the Property. His allegations only speculate about the validity of the assignments made to Fannie Mae or Aurora, which is insufficient to make out a claim to quiet title. Accordingly, to the extent that Perry asserts a suit to quiet title claim, it is hereby **DISMISSED.**

Perry also indicates that he makes claims under the Texas Debt Collection Act, Texas Business and Commerce Code, and Texas Property Code. Doc. 9, Sec. Am. Pet. 1. He does not make any allegations as to these claims in his Second Amended Petition, however, and none of his conclusory allegations establish a claim under any of these statutes. Moreover, even if the Court were to look at Perry's previous petitions in which he more clearly indicates his intentions to make a claim under these statutes, his claims would still fail because they are based on conclusory allegations and recitations of the elements of the causes of action. Docs. 1–2, Orig. Pet. Ex. 1; 1–6, First. Am. Pet. Accordingly, to the extent that Perry makes claims under the Texas Debt Collection Act, Texas Business and Commerce Code, and Texas Property Code, these claims are **DISMISSED.**

Finally, Perry raises a claim under the Texas Finance Code in his Response, alleging that because Defendants failed to show that they are holders of the note, their acts to collect on the note were fraudulent. Doc. 15, Pl.'s Resp. 4. This claim was not raised in Perry's Second Amended Petition, however, and is therefore not properly before the Court. *See De Franceschi v. BAC Home Loans Servicing, L.P.,* 477 F. App'x 200, 204 (5th Cir.2012) ("[D]istrict courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment"). Even if the Court were to consider Perry's claim under the Texas Finance Code, however, it would conclude that he fails to state a claim because he only makes conclusory allegations of a violation of the statute with no supporting facts.

## IV.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss (doc. 5) as to all claims. Normally, courts will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears certain that such re-pleading would be futile. *See Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977) ("[A] court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."). Here, it is clear that allowing Perry to re-plead would be futile. Perry has filed three petitions in this action already, each of which contains mere legal conclusions and does not plead any specific wrongdoing on behalf of Defendants. Furthermore, the record shows that over the past three years Perry has undertaken numerous ill-fated legal efforts to forestall his eviction from the Property. To allow Perry to re-plead now would only further impede Fannie Mae from exercising its rights to possess the Property without any justification in the record or in the pleadings. Finally, the fact that Perry has simply submitted a petition that is almost identical to one already dismissed by this Court in another case, *see Barrett,* 2012 WL 5471491, at \*3, suggests that Perry cannot find any specific facts that would support a claim for relief based on his interactions with Defendants. Accordingly, Perry's claims against Defendants Federal National Mortgage Association and Aurora Loan services, LLC, are hereby **DISMISSED with prejudice.** The Clerk is hereby instructed to close this case.

**\*9** The Court acknowledges that Perry recently filed a Motion to Nonsuit (doc. 20) on August 12, 2014. In federal court, however, "there is no virtually unlimited right to take a nonsuit." *Edgar v. Gen. Elec. Co.,* No. 3:00–CV–2729–D, 2992 WL 34722191, at \*1 (N.D.Tex. Mar. 5, 2002). Instead, Rule 41(a) governs voluntary dismissals of federal actions.

Because Defendants have not yet filed an answer or motion for summary judgment, the Court could construe Perry's Motion as a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1); however, given the circumstances of this case, the Court determines that Perry is not entitled to dismissal without prejudice. The Fifth Circuit has noted that the purpose of Rule 41(a)(1) "is to permit a plaintiff to take the case out of court at an early stage if no other party will be prejudiced." *Exxon Corp. v. Maryland*

Perry v. Federal Nat. Mortg. Ass'n, Not Reported in F.Supp.3d (2014)

Case 4:21-cv-00144-Y   Document 23   Filed 04/12/21   Page 7 of 7   PageID 218

*Cas. Co.,* 599 F.2d 659, 662 (5th Cir.1979). While the Fifth Circuit reaffirmed in that case that a motion to dismiss will generally not foreclose a plaintiff's voluntary dismissal rights under Rule 41(a)(1), it has also acknowledged holdings in other courts in which they "held that certain pleadings which are neither an answer nor a motion for summary judgment will bar the right to a voluntary dismissal by notice under Rule 41(a)(1)." *Plains Growers, Inc. by and Through Florists' Mut. Ins. Co. v. Ickes–Braun Glasshouses, Inc.,* 474 F.2d 250, 253 (5th Cir.1973). These cases have almost invariably "involved proceedings which joined issue on the controversy or brought the court into consideration of the merits of the controversy." *Id.* (citing *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105 (2d Cir.1953)).

Here, Defendants' Motion to Dismiss has brought the Court "into consideration of the merits of the controversy" by asking the Court to assess the validity of Perry's Petition in light of the documents incorporated into the Petition, which demonstrate that Aurora, as the mortgagee, had a right to foreclose on the Property. *See Harvey,* 203 F.2d at 106 (holding that the merits of a controversy were squarely raised when the district court was required to consider the likelihood of plaintiff's success on the merits). Accordingly, Defendants' Motion to Dismiss bars Perry from exercising his rights of voluntary dismissal under Rule 41(a)(1), and Perry's Motion to Nonsuit cannot be construed as a Notice of Dismissal under Rule 41(a)(1).

If Perry is not entitled to dismissal without prejudice under Rule 41(a)(1), then his Motion could still be construed as a Motion for Voluntary Dismissal under Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." But to the extent that Perry's Motion could be construed as a Motion for Voluntary Dismissal under Rule 41(a)(2), the Court determines that it must be denied. While voluntary dismissals should be granted freely, "a plaintiff's request will not be allowed if the nonmoving party will suffer some plain legal prejudice." *Harris v. Devon Energy Prod. Co., L.P.,* 500 F. App'x 267, 268 (5th Cir.2012) (internal quotation marks omitted). Courts have found plain legal prejudice when the plaintiff has moved to dismiss at a late stage of the case or sought to avoid an imminent adverse ruling. *Id.* This case was removed to this Court over eight months ago, and has been preceded by three years of legal maneuvering on Perry's part in order to avoid eviction. It is currently scheduled for trial in less than five months. Perry's current Motion is likely another effort on his part to avoid an inevitable adverse ruling on the merits, given the complete lack of factual allegations in his Petition to support his claims. All of these factors demonstrate that granting Perry's Motion to Nonsuit would work substantial legal prejudice on Defendants. Accordingly, the Court determines that Perry's Motion to Nonsuit, construed as a Motion for Voluntary Dismissal, must be **DENIED.** Defendants' Motion to Dismiss is **GRANTED** and Perry's claims are **DISMISSED with prejudice.**

 **\*10**  SO ORDERED.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 3972295

Footnotes

1   The Court notes that Perry generally argues that Defendants lacked authority to foreclose or to "collect on the debt," but it is undisputed that Aurora alone foreclosed on the Property and then transferred title to Fannie Mae. Docs. 9, Sec. Am. Pet. ¶ 11; 15, Pl.'s Resp. 2, 4; 10–1, Defs.' Br. 3. When he challenges the Defendants rights to foreclose or "collect the debt," therefore, Perry is generally challenging Aurora's right to foreclose. Docs. 9, Sec. Am. Pet. $ 11; 15, Pl.'s Resp. 2, 4. Because Perry's claims are less than clear, however, the Court also interprets his allegations as an attempt to make out a claim to quiet title based on the invalidity of Fannie Mae's title. Accordingly, the Court will first consider Perry's arguments as to Aurora's authority to foreclose and the validity of the assignments to Defendants. It will then address Perry's allegations as they relate to a claim to quiet title.

2   It bears noting that Perry only asserts this show-me-the-note theory to contest Aurora's authority to foreclose, and does not apparently rely on this theory to oppose Fannie Mae's right to possess the Property. Doc. 9, Sec. Am. Pet. ¶¶ 11, 27–28; 15, Pl.'s Resp. 2, 4.

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.