IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IOU CENTRAL, INC.                          §
d/b/a IOU FINANCIAL, INC.,                 §
                                           §
         Plaintiff,                        §
                                           §
vs.                                        §      CASE NO: 4:21-cv-00144-Y
                                           §
PREMIER PAVING GP. INC. et al;             §
                                           §
         Defendants.                       §

**PLAINTIFF'S RESPONSE TO OBJECTION OF DEFENDANTS [DOC 22-23]**

Plaintiff's responds the Objection [Doc 22-23] of the Defendants as follows:

**STATEMENT OF FACTS**

1.      Plaintiff filed suit to enforce its Note and Security Agreement as to collateral here, where Defendants are located [Complaint Doc 1]. Defendants filed a Motion to Dismiss, citing an ongoing Georgia case for *in-personam* relief, between some parties, citing Georgia law as a basis to dismiss this case with prejudice [Doc 9].

2.      Plaintiff filed a Rule 41 Notice of Dismissal as Defendants did not file an answer or even a motion for summary judgment [Doc 21].

3.      Defendants 'objected' to the dismissal, contending the Notice is a 'motion' and the Court should consider the 'merits of the controversy' requiring consideration of their Motion to Dismiss, requiring the Court to assess the Complaint, in 'light of documents incorporated into the Complaint, showing the Georgia state court case. [Doc 22, p. 2.] The Complaint includes no such Georgia pleadings, precluding consideration of those documents as shown below.

4.      The Objection has no basis which should be denied if construed as a motion.

## MEMORANDUM

First, it should be noted that the sole basis for the Motion [Doc 9] and the Objection [Doc 22-23] is the Georgia case between Plaintiff and two of these Defendants. That Georgia case was not necessarily a defense to this one and there is nothing sanctionable about filing a state court suit and a federal suit for *in personam relief*, such as damages, as the Fifth Circuit held:

> "The pendency of a state court action in *personam* is no ground for abatement or stay of a like action in the federal court, although the same issues are being tried and the federal action is subsequent to the state court action. The federal court may not abdicate its authority or duty in favor of the state jurisdiction." ***Ermentrout v. Commonwealth Oil Co***., 220 F.2d 527, 530, (5th Cir. 1955)

> "The filing of concurrent state and federal suits may be the judgment creditor's only effective course of action." ***Meridian Investing v. Suncoast***, 628 F.2d 370, 373 (5th Cir. 1980)

Plaintiff dismissed this case as Defendants changed their mind about dismissing their counterclaim in the Georgia case and litigating all issues here, which would be more convenient for them, who reside here, as permitted under the Security Instrument at issue. There is no point in having litigation pending in both courts. However, the Defendants in the Georgia case have also attempted to dispute Georgia venue and jurisdiction and now dispute it here.

Second, Defendants mainly cite ***Robert Perry v. FNNA***, LEXIS 113968 (N.D. Tex. 2018) [Doc 22, p. 2 and Doc 23] in which the Court considered the merits of a controversy between a *pro-se* borrower, who filed invalid quiet title suits, disputing a loan servicer's right to foreclose, based on documents *attached* to his complaint, which "lacked a reasonable inference he had a right to ownership that would justify the court's interference" ***Id*** *20.  The borrower moved for a non-suit, which the defendants opposed and the Court denied, dismissing the meritless case with prejudice. ***Id.*** Defendants similarly argue their Motion should be converted to one for summary

judgment who claim the "action in Georgia was attached to the motion to dismiss' and should be treated as one for summary judgment [Doc 22, p. 3]. *Perry* is distinguishable and inapplicable.

Plaintiff did not file a motion for non-suit but filed a Rule 41 Notice of Dismissal. "Rule 41(a)(1) on its face grants a plaintiff an unconditional right to dismiss his complaint by notice and without order of the court at any time prior to the defendant's service of an answer or motion for summary judgment." *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 915 (5th Cir. 1975), *cited by* *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013) Also, the Complaint [Doc 1] has no exhibits and does not reference the Georgia pleadings attached to the Motion, which cannot be considered as the Defendants argue [Doc22, p. 3]. "A document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012); *Qatalys, Inc. v. Mt. Med. Techs., Inc.*, LEXIS 39736, *8-9, (N.D. Tex. 2015) [court would only consider documents attached to or referenced in complaint and central to plaintiff's claim regarding a motion to dismiss, but would not consider documents attached to plaintiff's response to the motion to dismiss, which were not part of the complaint and would not consider a document attached to a reply brief] The Court cannot consider the Georgia pleadings in the Motion, are not even referenced in the Complaint.

Defendants cite a portion of *Plains Growers, Inc. by Florists' Mut. Ins. Co. v. Ickes— Braun Glasshouses, Inc*., 474 F.2d 250, 253(5th Cir. 1973) as a basis for their Objection [Doc 22, p. 2] but they omit its entire holding, which support's Plaintiff's position, as follows:

> "Although some cases have held that certain pleadings which are neither an answer nor a motion for summary judgment will bar the right to a voluntary dismissal by notice under Rule 41(a)(1), they almost invariably have involved proceedings which joined issue on the controversy or brought the court into consideration of the merits of the controversy. *Harvey Aluminum, Inc. v. American Cyanamid Co*., 203 F.2d 105 (2d Cir. 1953), cert. denied, 345 U.S.

964, 97 L. Ed. 1383, 73 S. Ct. 949 [Extensive hearing on request for preliminary injunction]; *Butler v. Denton*, 150 F.2d 687 (10th Cir. 1945) [Petition for intervention tendered justiciable issues]

*[NOTE: Defendants cites the above paragraph of the **Plains case** but only to the Harvey case, omitted the last sentence of the above paragraph and omit the entire next paragraph of the **Plains** case] [Compare to Doc 22, p.2]*

"In this case, [defendant] had not only failed to file an answer or a motion for summary judgment or any other pleading which joined issue on the merits of the controversy, but, at the time of the notice, was actually challenging the jurisdiction of the court to hear the merits of the cause by its motion to dismiss for lack of personal jurisdiction and its motion to challenge service of process. The trial court had not yet considered [defendant's] motions. A notice of voluntary dismissal filed after motions challenging the jurisdiction of the person of the defendant is not untimely under Rule 41(a)(1). *Kilpatrick v. Texas & P. Ry. Co*., 166 F.2d 788 (2d Cir. 1948), cert. denied, 335 U.S. 814, 69 S. Ct. 32, 93 L. Ed. 369 (1948) U.S. 75, 69 S. Ct. (1949). The defendant's filing of interrogatories which remained unanswered at the time of the notice could not prevent a dismissal by notice. *See **Sheldon v. Amperex Electronic Corp**., 52 F.R.D. 1 (E.D.N.Y. 1971), in which the trial court held that the fact that, in a patent infringement case, voluminous depositions had been taken before plaintiff had filed its notice did not bar dismissal. *The District Court erred in denying a voluntary dismissal on the ground that Modine's response constituted the equivalent of the answer required by Fed. R. Civ. P. 41(a)(1)" **Id** at 253*

Plaintiff was clearly entitled to file its Notice of Dismissal as confirmed by the cases cited by the Defendants, particularly *Plains*. The Defendants cannot 'object' to the Notice.

Third, in the Objection, Defendants seek dismissal with prejudice or $2,500.00 in fees, but cite no basis for that relief [Doc 22, p. 4]. Relief may only be sought in a motion, which describes its grounds with particularity. Fed. R. Civ P. 7 (b) (1). A motion for attorney's fees requires a certificate of conference under L.R. 7.1 (a) and (b) and a brief under L.R. 7.1 (d) The Objection does not comply with these Rules even if construed as a motion.

## CONCLUSION

The Objection should be denied, particularly if it is construed as a motion.

Respectfully submitted this 14th day of April 2021.

By:   */s/Paul G. Wersant*
Paul G. Wersant
N.D. Texas Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 99725

## **CERTIFICATE OF SERVICE**

I certify a precise copy of this document was filed ECF on the below date, sending ECF

notice to defense counsel of record.

Respectfully submitted this 14th day of April 2021.

By:   */s/Paul G. Wersant*
Paul G. Wersant